Argued and submitted February 10, affirmed October 15, 1997

In the Matter of the Compensation of
Harry L. Lyda, Claimant.

## STATE FARM INSURANCE COMPANY
and Harry Lyda Realty,
*Petitioners,*

*v.*

Harry L. LYDA,
*Respondent.*

(93-06409; CA A93995)

946 P2d 685

Chess Trethewy argued the cause for petitioners. With him on the brief was Garrett, Hemann, Robertson, Paulus, Jennings & Comstock, P.C.

David W. Hittle argued the cause for respondent. With him on the brief was Burt, Swanson, Lathen, Alexander, McCann & Smith.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

## LANDAU, J.

Insurer seeks review of an order of the Workers' Compensation Board (Board) setting aside the insurer's denial under ORS 656.262(6)(c) on the ground that the compensable injury continued to be the major contributing cause of claimant's combined condition. Insurer contends that the Board erroneously "shifted the burden" of proving compensability, that the Board's order is not supported by substantial evidence and that the Board's factual findings are not rationally connected to its legal conclusions. We affirm.

On March 10, 1983, claimant injured his left shoulder, neck and left upper back while opening a file cabinet drawer at work. Insurer accepted the claim for those injuries. In February 1991, claimant reported severe right neck and shoulder pain to his treating physician, Dr. Athay. Insurer denied that claim, contending that claimant's symptoms were not related to his accepted 1983 injury. In December 1991, claimant and insurer entered into a stipulated agreement, which provided in part that insurer would withdraw its denial and continue processing the claim. In January 1992, Athay described claimant's condition as "chronic pain condition." In March 1992, insurer denied the compensability of all claimant's conditions other than the accepted neck, left upper back and left shoulder pain arising out of the 1983 injury. Claimant contested that denial.

The contest ultimately resulted in a Board decision on May 27, 1993, in which the Board concluded that insurer had not accepted specific diseases or conditions, but had accepted symptoms, including a preexisting chronic pain syndrome and a preexisting cervical degenerative condition underlying claimant's left upper back, neck and left shoulder pain. The Board also concluded that neither claimant's chronic pain syndrome nor degenerative condition was independently compensable, but that they had combined with his compensable 1983 injury to cause a need for medical treatment. Thus, the Board concluded that claimant's current chronic pain syndrome was compensable. Additionally, because the chronic pain syndrome had been accepted and

had not changed since its acceptance, claimant's compensable 1983 injury was the major contributing cause of the combined condition.

In a letter to claimant's attorney dated May 26, 1994, Athay stated that claimant's 1983 injury was medically stationary, but that the preexisting conditions gradually had deteriorated. On November 8, 1994, claimant was awarded 41 percent unscheduled permanent disability and 7 percent scheduled permanent disability for the loss of use or function of his left arm. As part of claimant's requested reconsideration, medical arbiter examinations were conducted on May 17, 1995. Claimant was examined by Dr. Glass, a psychiatrist, Dr. Platt, a neurologist, and Dr. Dinneen, an orthopedist. Claimant's unscheduled disability award was increased to 46 percent, but, based on the information received during the examinations, insurer issued a denial on July 19, 1995, alleging that claimant's current chronic pain syndrome was not compensable. Claimant's challenge of the chronic pain syndrome denial forms the ground for this judicial review.

After examining the decisions of the medical arbiters, an administrative law judge (ALJ) concluded that claimant had not proven that his compensable 1983 injury still was the major contributing cause of his "combined condition" under ORS 656.005(7)(a)(B). Claimant appealed to the Board. The Board concluded that "claimant has sustained his burden of proving that his compensable 1983 injury remains the major contributing cause of his chronic pain syndrome." In reaching that conclusion, the Board explained:

> "We recognize that ORS 656.262(6)(c) allows a carrier to deny a 'combined condition' even if it had been previously accepted as a result of an order, provided that the otherwise compensable injury 'ceases' to be the major contributing cause of the combined condition. However, the word 'cease' implies that there must be a change in claimant's condition or a change of circumstances such that the compensable injury is no longer the major contributing cause of the claimant's combined condition.

> "Although the medical arbiters, Drs. Platt and Dinneen, opined that claimant's present condition was not related to the March 1983 injury in a 'major way,' they did not identify

any change in claimant's condition or a change of circumstances such that claimant's compensable injury is no longer or 'ceased' to be the major contributing cause of claimant's combined condition. In a single unexplained sentence, Dr. Glass opined that claimant's compensable injury was not the major contributing cause of claimant's psychiatric symptoms. However, he, too, did not identify any change of circumstances or change in claimant's condition.

"We recognize that there is evidence from Dr. Athay that claimant's degenerative conditions have generally deteriorated. However, Dr. Athay also observed that there had been no 'major changes' and that claimant's conditions have remained medically stationary. Thus, based on Dr. Athay's persuasive medical opinion, we are not inclined to find that there has been a change in claimant's condition or a change in circumstances to warrant the issuance of a denial under ORS 656.262(6)(c).

"In any event, even if the requisite change of circumstances was present to support the procedural validity of such a denial, the persuasive medical evidence does not establish that claimant's compensable injury has 'ceased' to be the major contributing cause of his chronic pain disorder."

(Footnote omitted; citation omitted.) On review, insurer asserts three assignments of error. First, it contends that the Board erred in imposing upon insurers the burden of proving a change in a claimant's condition to permit denial of a combined condition under ORS 656.262(6)(c). Second, it contends that substantial evidence does not support the Board's finding that claimant's condition had not changed. Third, it contends that the Board's opinion is inconsistent and did not articulate a rational connection between its findings of fact and its legal conclusions.

■      Insurer's first assignment disputes the Board's construction of ORS 656.262(6)(c) and thus presents a legal question. The disputed statute provides:

"An insurer's * * * acceptance of a combined or consequential condition under ORS 656.005(7), whether voluntary or as a result of a judgment or order, shall not preclude the insurer * * * from later denying the combined or consequential condition if the otherwise compensable injury

ceases to be the major contributing cause of the combined or consequential condition."

ORS 656.262(6)(c). There is no question that a claimant bears the burden of proof on questions of compensability. ORS 656.266. There is likewise no question that, in the case before us, the Board—although perhaps not artfully—correctly stated and correctly applied that rule of law. The Board's opinion clearly stated that "claimant has sustained *his burden* of proving that his compensable 1983 injury remains the major contributing cause of his chronic pain syndrome." (Emphasis supplied.)

What appears to have side-tracked insurer are two statements of the Board that, under ORS 656.262(6)(c), there must be a "requisite change of circumstances" and that "the word 'ceases' implies that there must be a change of circumstances" to support the insurer's denial. In context, however, it is apparent that the Board did not alter the burden of proof, but rather stated a conclusion that flows from the statutory requirement that an employer's denial be reasonable to avoid the imposition of penalties under ORS 656.262(11)(a).[1] Thus, the Board referred to establishing a requisite change of circumstances as necessary "to support the *procedural validity*" of the denial. (Emphasis supplied.) In that context, the Board's statements are correct, and they did not impermissibly shift the burden of proving compensability from claimant to insurer.

■■ In its second assignment of error, insurer contends that substantial evidence does not support the Board's decision that the 1983 injury was the major contributing cause of claimant's chronic pain syndrome. Substantial evidence exists when the record, viewed as a whole, permits a reasonable person to find as the Board did, in the light of supporting and contrary evidence. *Garcia v. Boise Cascade Corp.*, 309 Or 292, 294, 787 P2d 884 (1990); *Armstrong v. Asten-Hill Co.*, 90 Or App 200, 206, 752 P2d 312 (1988). In this case, the Board

---

[1] ORS 656.262(11)(a) provides, in part:

"If the insurer or self-insured employer unreasonably delays or unreasonably refuses to pay compensation, or unreasonably delays acceptance or denial of a claim, the insurer or self-insured employer shall be liable for an additional amount up to 25 percent of the amounts then due."

relied on the opinion of Athay, claimant's treating physician. Athay stated in a letter dated May 26, 1994, that claimant's compensable 1983 injury was stationary, but that his "chronic anxiety state has a basis in his chronic pain syndrome, which * * * relate[s] to his on-the-job injury back in 1983." Athay also explained that claimant's preexisting neck condition with degenerative cervical disc disease and degenerative arthritis had worsened slightly and that claimant suffered from occasional flareups stemming from the underlying conditions.

Insurer argues that, because Athay noted a change in the preexisting degenerative disease changes, the Board erred in failing to find a change in the proportionate make up of claimant's combined condition. We disagree. It was claimant's burden to prove that his compensable 1983 injury was the major contributing cause of his combined condition. A slight change in the contributing factors does not necessarily result in the 1983 injury "ceas[ing]" to be the major contributing cause. Additionally, Athay had reported that there were no "major changes" in claimant's condition over several years.

The Board also examined the opinions of the medical arbiters, Platt, Glass and Dinneen, but did not find them persuasive. The Board noted that the doctors had explained neither a change in claimant's condition nor how the 1983 injury was no longer the major contributing cause. Upon examining the record as a whole, we conclude that the Board's findings are supported by substantial evidence.

■   In its third assignment of error, insurer asserts that the Board erroneously found that there was no change in claimant's condition yet relied on Athay's opinion, in which he stated that claimant's condition had worsened slightly. According to insurer, the Board's decision is inconsistent and without a rational connection between the finding of fact and legal conclusion, citing *Liberty Northwest Ins. Corp. v. Verner*, 139 Or App 165, 911 P2d 948 (1996). *Accord Drew v. PSRB*, 322 Or 491, 501, 909 P2d 1211 (1996). In *Verner*, we stated that, if the Board relies on an expert's opinion despite an inconsistency, it must explain its reason for so doing. *Id.* at

169. In this case, the Board clearly recognized the inconsistency in Athay's letter. The Board explained that, despite the gradual deterioration in claimant's condition, Athay consistently professed that claimant's overall condition remained basically unchanged for several years. Additionally, the Board explained that, as claimant's treating physician, Athay had the benefit of many years of observation. In the light of the Board's explanation, we conclude that there was a rational connection between the Board's factual findings and its legal conclusion.

Affirmed.