Argued and submitted April 27, affirmed September 27, 2006

In the Matter of the Compensation of
Josef P. Bacon, Claimant.

OREGON DRYWALL SYSTEMS, INC.,
*Petitioner,*

*v.*

Josef P. BACON,
*Respondent.*

02-05373; A127055

144 P3d 987

Thaddeus J. Hettle argued the cause for petitioner. With him on the briefs was Hettle & Associates.

Aaron E. Clingerman argued the cause and filed the brief for respondent.

Before Edmonds, Presiding Judge, and Brewer, Chief Judge,* and Armstrong, Judge.

ARMSTRONG, J.

---

* Brewer, C. J., *vice* Ceniceros, S. J.

### ARMSTRONG, J.

Employer Oregon Drywall Systems, Inc., seeks judicial review of an order of the Workers' Compensation Board, contending that the board erred in overturning employer's denial of claimant's combined condition claim on the ground that there was no evidence that claimant's condition had changed. We affirm.

Claimant injured his neck at work when he allegedly received an electric shock, "flew" through the air, and landed on his head. Claimant filed a claim in December 2001. On March 14, 2002, employer accepted a claim for "acute cervical muscle strain." Claimant underwent treatment in the form of injections in the upper thoracic area. By August 2002, physicians reported that claimant's symptoms were not consistent with any orthopedic diagnosis. In December 2002, Dr. Anderson, an orthopedist, expressed the view that claimant's cervical strain had combined with a preexisting cervical degenerative disc disease to produce disability and a need for treatment. He further opined that claimant's accepted injury had resolved and that the major contributing cause of claimant's symptoms was the preexisting condition.

On December 13, 2002, employer issued a modified notice of acceptance, accepting claimant's claim as a combined condition:

> "This letter is to notify you that as of this date, we are classifying your claim as **disabling** and are accepting your claim for the following condition(s): Acute Cervical Muscle Strain which has combined with pre-existing, unrelated, and non-compensable Cervical Degenerative Disc Disease."

(Boldface in original.) Three days later, on December 16, 2002, employer issued a denial, explaining that it was "now deny[ing] the compensability of the combined condition that was previously accepted on December 13, 2002," for the reason that the accepted condition was no longer the major contributing cause of claimant's disability and need for treatment. In March 2003, employer denied new condition claims for thoracic facet syndrome, cervical facet syndrome, and bilateral ulnar syndrome. Claimant requested a hearing.

The board, in affirming in part the order of the administrative law judge, found claimant to be "profoundly not credible," and upheld employer's denials of the new condition claims. As to claimant's combined condition claim, the board found that, because the modified notice of acceptance expressly stated that the acceptance was modified "as of this date," the combined condition was accepted as of December 13, 2002. The board held that employer's denial was procedurally flawed, because employer had failed to establish that there had been a change in claimant's medical condition subsequent to the December 13, 2002, "effective date" of the acceptance of the combined condition.

The board explained that under ORS 656.262(6)(c), employer could deny the combined condition only if, *subsequent to the date of its acceptance,* circumstances had changed so that claimant's otherwise compensable condition ceased to be the major contributing cause of the combined condition. The board found that there was no medical evidence that claimant's condition had changed between December 13 and December 16, 2002, and that, therefore, the denial of the combined condition claim was *procedurally* flawed. Accordingly, it set the denial aside. Employer seeks review, contending that the board erred in requiring employer to show a change in claimant's condition subsequent to December 13, 2002.

■    ORS 656.262(6)(c) provides:

"An insurer's or self-insured employer's acceptance of a combined or consequential condition under ORS 656.005(7), whether voluntary or as a result of a judgment or order, shall not preclude the insurer or self-insured employer from later denying the combined or consequential condition if the otherwise compensable injury ceases to be the major contributing cause of the combined or consequential condition."

As we said in *State Farm Ins. Co. v. Lyda,* 150 Or App 554, 556, 946 P2d 685 (1997), because the statute provides that a combined condition that has been accepted may be denied when the otherwise compensable injury "ceases" to be the

major contributing cause of the combined condition, the statute necessarily requires that there be a change in the worker's condition.

■■ In seeking to provide for consistency among claims, the board has attempted to identify a "baseline" for evaluating whether there has been a change in a worker's condition, and has held that the effective date of the acceptance of the combined condition provides that baseline. So, for example, the board has held that when the employer's acceptance of the combined condition expressly refers to the date of injury, the effective date of the acceptance is the date of injury, and the claimant's condition at the time of the injury is the baseline for determining whether there has been a change in the worker's condition. *John J. Aschmeller, Jr.*, 54 Van Natta 743 (2002). When the acceptance does not specify an effective date for acceptance of the combined condition different from the date of the original acceptance, the board has held that the acceptance of the combined condition is deemed to supersede and augment the initial acceptance. *John J. Shults*, 53 Van Natta 383 (2001). When, however, as here, the employer's modified acceptance expressly states that the combined condition was accepted "as of this date," the board has said that the effective date of the acceptance of the combined condition is the date of the modified acceptance and does not relate back to the initial acceptance. *Madine F. Warden*, 54 Van Natta 2032, *on recons*, 54 Van Natta 2346 (2002). Here, the board reasoned that the date of the notice of modified acceptance is the effective date of the acceptance of the combined condition and is also the baseline for determining whether there has been a change in claimant's circumstances or condition such that the claim may be closed.

■ In employer's view, the board has added a procedural requirement that is not present in the statute. Employer points out that ORS 656.262(6) does not speak of baseline or effective dates, and asserts that such a requirement is superfluous, because the effective date of any modified notice of acceptance is the date of the injury, which is the date from which benefits must be paid. Employer overlooks the fact that, due to its attributes, a combined condition does not necessarily coincide with an injury. *See SAIF v. Belden*, 155 Or App 568, 575, 964 P2d 300 (1998), *rev den*, 328 Or 330 (1999)

(compensability of combined condition may not coincide with medically stationary date of compensable condition). ORS 656.005(7)(a)(B) provides that,

> "[i]f an otherwise compensable injury combines *at any time* with a preexisting condition to cause or prolong disability or a need for treatment, the combined condition is compensable only if, so long as and to the extent that the otherwise compensable injury is the major contributing cause of the disability or the major contributing cause of the need for treatment of the combined condition."

(Emphasis added.) A combined condition may arise "at any time." It may cause disability or a need for treatment subsequent to the occurrence of the compensable injury; it also may resolve before the compensable injury becomes medically stationary. Because the period of acceptance of a claim is significant in determining the scope of an employer's liability, ORS 656.262, we agree with the board that it is necessary to determine the effective date of an employer's acceptance of a combined condition.[1] Legally, the effective date of the acceptance should coincide with compensability of the combined condition. Logically, the effective date of the acceptance should also mark the baseline for determining whether a claimant's condition has subsequently changed so that the otherwise compensable injury is no longer the major contributing cause of the disability or need for treatment of the combined condition. We conclude, therefore, that the board did not err in concluding that the effective date of acceptance provides a baseline for determining whether a worker's condition has changed so that the otherwise compensable injury is no longer the major contributing cause of the disability or need for treatment of the combined condition.

■     We conclude, further, that substantial evidence supports the board's findings that, by stating in its letter of modified acceptance that it was accepting claimant's condition

---

[1] We reject employer's contention that, because ORS 656.262(6)(b) and the administrative rules relating to what must be contained in a notice of acceptance do not expressly require a statement of the effective date of the acceptance of a combined condition, the effective date of acceptance is necessarily the date of the original injury.

"as of this date," employer intended its acceptance of the combined condition to become effective as of the date of the modified acceptance, and that there is no evidence that claimant's condition has changed since that date.

Affirmed.