Argued and submitted on July 30, 2007, affirmed April 16, 2008

In the Matter of the Compensation of
Donald W. Young, Claimant.

**WAL-MART STORES, INC.,**
*Petitioner,*

*v.*

Donald W. YOUNG,
*Respondent.*

Workers' Compensation Board
0408718; A132439

182 P3d 298

Judy L. Johnson argued the cause and filed the briefs for petitioner.

David W. Hittle argued the cause for respondent. With him on the brief was Swanson, Lathen, Alexander & McCann.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Sercombe, Judge.

SERCOMBE, J.

## SERCOMBE, J.

Employer seeks review of an order of the Workers' Compensation Board (board) that set aside employer's denial of the ongoing compensability of claimant's combined condition knee claim. The board found that employer had not carried its burden of proving that claimant's work injury was no longer the major contributing cause of the need for treatment of the combined condition affecting claimant's knee. Employer asserts that the board's order lacked substantial reason in reaching that conclusion and that the board erred in requiring proof of a change of circumstances in the combined condition of the knee. We review the board's order for legal error and substantial evidence, ORS 183.482(7), (8); ORS 656.298(7), and affirm.

In 2004, claimant injured his left knee while working in the produce department of the Wal-Mart store in Ontario, Oregon. As a result, claimant sought care from an orthopedic surgeon who ordered a magnetic resonance imaging (MRI) of claimant's left knee. The MRI revealed that claimant had a "horizontal tear of the posterior horn of the medial meniscus," "osteoarthritic changes in the medial femoral compartment," and "effusion" (fluid in the knee joint). The meniscus tear resulted from the work injury. The arthritic condition of the knee was longstanding.

Claimant subsequently underwent surgery to repair the torn meniscus. Despite the surgical intervention, the effusion in claimant's left knee persisted. Efforts to reduce the effusion failed, leading claimant's surgeon to conclude that claimant needed a total knee replacement.

Employer accepted claimant's claim for a "left medial meniscus tear." After surgery, and because of the persistent effusion and osteoarthritis, claimant requested acceptance of effusion and osteoarthritis as omitted conditions. Employer responded by issuing an amended acceptance to include a combined condition, specifically, a "left medial meniscus tear that combined with preexisting, noncompensable osteoarthritis of the left knee" that related back to the date of injury. At the same time, employer denied claimant's claim for osteoarthritis and effusion as omitted conditions

and issued a denial of claimant's combined left knee condition on the grounds that the work injury was now no longer the major contributing cause of the claimant's disability and need for treatment.

Claimant requested a hearing. Both parties presented expert medical opinion evidence on whether the pain and effusion in the knee were still caused by the combined condition of the medial meniscus tear and the osteoarthritis. An administrative law judge (ALJ) ruled that employer's denial of claimant's combined left knee condition should be set aside, but affirmed employer's denial of the osteoarthritis and effusion claims. Employer appealed to the board that part of the ALJ's ruling that set aside the denial of the combined left knee condition. Claimant cross-requested review of the ALJ's affirmance of the denial of the osteoarthritis and effusion claims and the denial of penalty-related attorney fees for employer's allegedly unreasonable claim processing. The board adopted and affirmed the ALJ's order. Employer now seeks judicial review of the part of the board's order that set aside employer's denial of claimant's combined knee condition.

■■    The issue on review is whether the board's findings were sufficient to explain an acceptable legal rationale for that decision. ORS 656.298(7) directs that judicial review of a board order "shall be as provided in ORS 183.482(7) and (8)." ORS 183.482(8)(c) provides:

> "The court shall set aside or remand the order if the court finds that the order is not supported by substantial evidence in the record. Substantial evidence exists to support a finding of fact when the record, viewed as a whole, would permit a reasonable person to make that finding."

As we held in *Cummings v. SAIF*, 197 Or App 312, 319, 105 P3d 875 (2005), to meet the substantial evidence requirement, "the board's opinion must include a 'sufficient explanation to allow a reviewing court to examine the agency's action;' " *i.e.*, it must be supported by substantial reason. (Citing *The Boeing Company v. Cole*, 194 Or App 120, 123-24, 93 P3d 824 (2004).) An order that contains a sufficient explanation is one that "clearly and precisely state[s] what [the board] found to be the facts and fully explain[s] why those

facts lead it to the decision it makes." *Home Plate, Inc. v. OLCC*, 20 Or App 188, 190, 530 P2d 862 (1975). *See also Ross v. Springfield School Dist. No. 19*, 294 Or 357, 370, 657 P2d 188 (1982) ("It is essential that an agency articulate in a contested case the rational connection between the facts and the legal conclusion it draws from them.").

This case concerns the application of statutes on the compensability of a "combined condition," a condition that results from both a work injury and a preexisting condition. As a general rule, if a compensable injury combines with a preexisting injury to cause or prolong the need for treatment, the combined condition is compensable "only if, so long as and to the extent that the otherwise compensable injury is the major contributing cause * * * of the need for treatment of the combined condition." ORS 656.005(7)(a)(B). If, as here, a combined condition is accepted by an employer as causing the need for treatment, ORS 656.266(2)(a) allocates to the employer the burden of proving that the work injury is no longer the major contributing cause of that need. That statute states, in pertinent part:

> "Once the worker establishes an otherwise compensable injury, the employer shall bear the burden of proof to establish the otherwise compensable injury is not, or is no longer, the major contributing cause of the disability of the combined condition or the major contributing cause of the need for treatment of the combined condition."

Based on ORS 656.266(2)(a), the board was required to determine whether employer proved, by a preponderance of the evidence, that there was a change in claimant's knee condition such that the work injury was no longer the major contributing cause of claimant's current need for treatment. Claimant's treating physician, Dr. Schneider, opined that the meniscus tear played a significant role in claimant's current knee condition. Because significant pain and ongoing effusion remained despite surgery to treat the torn meniscus, and in light of claimant's active lifestyle and lack of complaints about his knee prior to the work injury, Schneider believed that the work injury remained the major contributing cause of claimant's need for the treatment. Put another way, Schneider believed that the work injury exacerbated the

underlying osteoarthritis to the point that a knee replacement was necessary. Schneider's diagnosis was supported by Dr. Sandefur, whom claimant consulted for a second opinion.

Dr. Swanson examined claimant at employer's request. He concluded that claimant had recovered from the meniscal tear and that the preexisting osteoarthritis was the major contributing cause of claimant's symptoms since that recovery. His diagnosis was supported by Drs. Courogen and Dickerman, two other physicians who reviewed claimant's case. They pointed to the advanced stage of the arthritis, as shown by the MRI just 11 days after the injury, the significant degeneration present in claimant's uninjured right knee, and the fact that the torn meniscus had been surgically excised.

The board rejected the opinions of both claimant's and employer's experts. The board refused to find that the osteoarthritis and effusion were omitted conditions and caused by the work injury. The board also declined to find that osteoarthritis was now the major contributing cause of the disability and need for treatment. It concluded that the evidence was insufficient to establish (1) "a pathological worsening of claimant's preexisting osteoarthritis," (2) "any material change in claimant's left knee condition or circumstances between the date of injury and the denial," and (3) "that at any point prior to the denial, the work injury ceased to be a greater cause of claimant's left knee disability or need for left knee treatment than all other causes combined."

To support those conclusions, the board incorporated the following findings of the ALJ in its order:

"Without question, claimant has had persistent recurrent effusions of his knee since the injury. Insurer relies primarily on the opinions of Drs. Courogen and Swanson, whose reasoning is similar and similarly unpersuasive. Drs. Courogen and Swanson each opine that about three months (or six to twelve weeks) is the normal recovery period from a meniscal surgery, and that after that time, claimant's need for treatment would be due to the preexisting condition rather than the work injury. These opinions are unpersuasive for several reasons. First, they do not take

claimant's individual circumstances into consideration, but instead rely on a presumptive recovery period for patients in general. Second, their reliance on a typical recovery time does not take into consideration the fact that claimant's accepted condition was not just a torn medial meniscus but a meniscal tear combined with a preexisting osteoarthritis condition, a more complex situation to begin with.

"Although the opinions of Drs. Courogen and Swanson are framed in the terms of the statute—that the work injury is not [sic] longer the major contributing cause of the need for treatment—they point to no medical evidence of a 'change in claimant's condition or circumstances.' Claimant had surgery for his accepted condition; the surgery itself does not constitute a change of circumstances. There is no persuasive evidence of any change in claimant's condition. Despite these physicians attributing the persistent effusion to the preexisting condition, the fact remains that the effusion has been recurrent and persistent since the injury.

"I conclude that no change of claimant's circumstances or condition has been proven and insurer has not carried its burden of proving that claimant's work injury is no longer the major contributing cause of the need for treatment or disability associated with his combined condition. The denial should be set aside."

(Citations omitted.)

The board was equally critical of Schneider's conclusion that the pathology of the arthritis had worsened because of the work injury, such that employer should accept the compensability of the osteoarthritis. The board found:

"Claimant relies primarily on the opinions of Dr. Schneider to establish the compensability of his osteoarthritis. I do not find Dr. Schneider's opinions to be persuasive for the following reasons. First, it is not clear that Dr. Schneider correctly understood the nature of claimant's preexisting condition. He opined that claimant 'may have had some early underlying degenerative changes in his knee.' At that point, an MRI had already demonstrated what were referred to as 'moderate' osteoarthritic changes; he was aware of that study. * * * Dr. Schneider's opinion seems to be inconsistent with the diagnostic testing. He never offered any reason for his interpretation of the MRI being so different from those of the other physicians.

"Dr. Schneider's opinion that the work injury had worsened claimant's osteoarthritis was based on his belief that were it not for the work injury, claimant would not be in need of a total knee replacement 'at this early date.' However, he points to no objective evidence of any pathological changes in the osteoarthritis condition. Essentially, his opinion is that because the work injury caused the knee condition to become symptomatic, it had pathologically worsened. But he offers no explanation of how the fact of the osteoarthritis being symptomatic establishes that there has been a change in the osteoarthritis condition since the injury."

On review, employer contends that the board's order did not contain adequate findings and explanation to allow for meaningful judicial review. Specifically, employer asserts that the board's order did not "reflect[ ] its comprehension of the nature of the preexisting condition, the accepted condition, the key events, and the evidence pertinent to the issue of 'changes' in the conditions and the substantive bases for the conflicting expert opinions addressing major causation."

We conclude that the board adequately explained why it set aside employer's denial of claimant's combined knee condition. The rationale was that employer did not adequately prove any change in the combined condition sufficient to determine any new responsibility for compensation. Therefore, employer remained accountable for the accepted combined condition. Employer did not show that the osteoarthritis had worsened because of any natural progression, which would show a change in claimant's medical condition, or that the degenerating osteoarthritis had become the major cause of the effusion and pain. Nor did claimant show that the osteoarthritis had worsened because of the continued exacerbating effect of the work injury.

The adopted findings explain that rationale. The board found that there was no "medical evidence" of a change in claimant's condition or circumstances from which one could infer that the osteoarthritis was operating differently than it had before the work injury or that the work injury's effects had lessened. The board noted that merely because most patients recover from the effects of surgery to excise a meniscus tear did not mean that claimant had done so or that

the surgery was otherwise effective. The board further noted that the effusion and pain had been persistent and recurrent since the time of the injury and that there had been no such symptoms before that time. At the same time, there was insufficient evidence that the work injury had worsened the underlying osteoarthritis because claimant's physician improperly discounted the status of the osteoarthritis at the time of the injury. Lacking persuasive evidence of any change in those conditions, the board concluded that the combined condition continued to cause the need for treatment.

The board's conclusion is analogous to the determination that we sustained in *SAIF v. Strubel*, 161 Or App 516, 984 P2d 903 (1999). There, the claimant's neck and back pain were caused by a combined condition of a lifting injury at work and a preexisting degenerative disc disease. The claimant's physician stated that he believed that the work injury was the most likely major contributing cause of the need for treatment because the claimant had been completely asymptomatic before the work injury. We concluded that the evidence was sufficient to sustain the allowance of compensation for the combined condition, even though the treating physician did not "assess the relative contribution of the different causes of claimant's condition." *Id.* at 520. *See also Gray v. Western Panel Mfg.*, 163 Or App 151, 158, 986 P2d 1249 (1999) (a "rational person could conclude" that claimant failed to sustain his initial burden of proof to show that workplace injury was the major contributing cause of the need for treatment of a combined condition of preexisting arthritis and tears of the meniscus and ligaments in knee). Similarly, a rational person could conclude in this case that employer remained responsible for claimant's combined condition because employer failed to show that claimant's need for treatment under ORS 656.266(2)(a) was due to any condition other than the originally accepted combined condition.

■ Employer's second assignment of error reiterates its first assignment by contending that the board erred in requiring it to prove a change in claimant's condition under ORS 656.262(6)(c). That statute provides:

"An insurer's or self-insured employer's acceptance of a combined or consequential condition under ORS

656.005(7), whether voluntary or as a result of a judgment or order, shall not preclude the insurer or self-insured employer from later denying the combined or consequential condition if the otherwise compensable injury ceases to be the major contributing cause of the combined or consequential condition."

In *State Farm Ins. Co. v. Lyda*, 150 Or App 554, 559, 946 P2d 685 (1997), *rev den*, 327 Or 82 (1998), we held that, because ORS 656.262(6)(c) requires that the otherwise compensable injury "ceases to be the major contributing cause," a change in the claimant's condition is required to be shown to support the validity of a later denial of compensation. *See also Oregon Drywall Systems, Inc. v. Bacon*, 208 Or App 205, 208, 144 P3d 987 (2006) (adhering to change in condition requirement). Given that construction of ORS 656.262(6)(c) and the express requirement in ORS 656.266(2)(a) that an employer must show a change in the major contributing cause of the need for treatment or the disability resulting from the combined condition, there is no question that proof is required of a change in claimant's condition in order to alter the status quo. As noted earlier, the board's conclusion that employer failed to prove that change in condition is supported by adequate findings and reasoning.

Affirmed.