Argued and submitted April 12, 2011, reversed and remanded for reconsideration February 29, 2012

In the Matter of the Compensation of
Barbara L. Jansen, Claimant.

WASHINGTON COUNTY - RISK,
*Petitioner,*

*v.*

Barbara L. JANSEN,
*Respondent.*

Workers' Compensation Board
0702346; A144114

273 P3d 278

George W. Goodman argued the cause for petitioner. With him on the briefs were Andrew H. Graham and Cummins, Goodman, Fish, Denley & Vickers, P.C.

Edward J. Harri argued the cause for respondent. With him on the brief was J. Michael Casey.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Duncan, Judge.

ARMSTRONG, J.

**ARMSTRONG, J.**

Employer seeks review of an order of the Workers' Compensation Board, contending that the board erred in setting aside employer's denial of claimant's combined condition claim. Employer contends that the board erred by improperly allocating the burden of proof. Because we conclude that ORS 656.266 allocates to claimants the burden of proving that a compensable occupational disease remains the major contributing cause of a combined condition and the board assigned that burden to employer, we reverse and remand.

We take the pertinent facts from the board's undisputed findings. Claimant has a history of psychological conditions, including panic attacks and anxiety. While working for employer, claimant complained in January 2005 of tingling on the right side of her face down to her right hand. A March 2005 nerve conduction study indicated that claimant had mild right median neuropathy at the wrist region and mild to moderate left median neuropathy at the wrist region. Claimant eventually filed a claim in January 2006 for bilateral carpal tunnel syndrome, which employer accepted in February 2006.

Claimant underwent a right carpal tunnel release procedure in March 2006, and, following that surgery, her pain and tingling on the right side of her body had markedly improved. A July 2006 nerve conduction study indicated that claimant had only a "very slight degree of residual focal sensory dysfunction" after the surgery. The report from that study concluded that claimant's right focal sensory dysfunction was much improved from the presurgery nerve conduction study, but the report also noted that claimant's left median neuropathy had worsened.

Claimant began to complain in July 2006 that her right thumb felt like it would dislocate and could not support weight. Claimant's attending physician, Dr. Thomas, referred claimant to Drs. Cober and Van Allen to identify the cause of her ongoing symptoms. Cober stated that he saw no objective evidence from either his physical examination of claimant or from the July 2006 nerve conduction study that indicated motor branch damage and, further, that her symptoms did not relate to the median nerve.

Van Allen, a hand surgeon, concluded that the July 2006 nerve conduction study for claimant's right hand was within normal limits. Based on the nerve conduction study, he concluded that claimant's inability or refusal to move her thumb did not appear to have a neurological or physiological explanation, although he acknowledged that claimant continued to have left carpal tunnel syndrome.

Claimant's attending physician, Thomas, agreed with the medical opinions of both Cober and Van Allen. Thomas further concluded that claimant's right carpal tunnel syndrome had resolved without permanent impairment and that, to the extent claimant had any ongoing disability or need for medical treatment, it was due in major part to a preexisting psychological or personality disorder.

After the physical examinations indicated that claimant's carpal tunnel syndrome and the release surgery were not the causes of her right thumb symptoms, claimant underwent multiple psychological evaluations. On February 27, 2007, Dr. Davies, a psychologist, examined claimant and issued a report in which he concluded that claimant had "significant emotional contributions to her disability behaviors" and that the "majority of her disability * * * is apparently non-anatomic in nature." Davies further concluded that claimant had "an abnormal psychological condition that essentially fuels symptom magnification" and that claimant's "psychological condition is the major cause of her current disability and pursuit of medical treatment."

On March 26, 2007, Davies issued an addendum report based on his review of medical records for claimant that antedated her carpal tunnel syndrome diagnosis. He determined that claimant had a preexisting psychological condition that was "playing a primary role in her disability behaviors." He diagnosed claimant as having a personality disorder, dysthymia with a primary somatoform presentation, and psychological pain disorder.

Two additional doctors, Dr. Zinsmeister, a neurologist, and Dr. Nolan, a hand surgeon, also examined claimant. They determined that the July 2006 nerve conduction study on "the right median nerve showed some objective evidence of

improvement after the surgery" and agreed with Van Allen that claimant was suffering from psychogenic hand syndrome. They both concluded that claimant's carpal tunnel syndrome was no longer a material contributing cause of her need for treatment of her right hand because her carpal tunnel syndrome had improved after the surgery.

Based on the reports of Davies, Zinsmeister, and Nolan, and Thomas's concurrence with their opinions, employer issued on April 9, 2007, a modified acceptance of claimant's January 2006 carpal tunnel syndrome claim to include "personality disorder, dysthymia with chronic somatoform presentation, and psychological pain disorder." The following day, employer issued a claim denial on the ground that claimant's carpal tunnel syndrome had "ceased to be the major cause of [her] disability and need for treatment by at least February 27, 2007," the date that Davies had diagnosed claimant as suffering from a psychological condition.

Claimant requested a hearing on employer's denial. After that request, numerous other physicians and psychologists examined claimant. A summary of those evaluations will not aid in the reader's understanding of our resolution of this case.

An administrative law judge (ALJ) found that there was "no evidence that claimant [had] a preexisting psychological condition that caused her" carpal tunnel syndrome and that, "to the extent claimant has a preexisting psychological condition, that condition did not combine with claimant's occupational disease to cause or prolong her disability or need for treatment of [her carpal tunnel syndrome]." Thus, the ALJ concluded that claimant did not have a combined condition and set aside employer's denial of the claim for it.

Employer appealed the ALJ's order to the board, arguing that claimant's psychological condition was a preexisting condition that had combined with her accepted carpal tunnel syndrome to prolong her disability and need for treatment. Employer further contended that claimant had not satisfied her burden of proving that her carpal tunnel syndrome continued after February 27, 2007, to be the major contributing cause of her disability and need for treatment.

Claimant responded that employer had failed to prove the existence of a combined condition because employer had failed to establish that claimant suffered from a psychological condition. She further contended that "employer had failed to carry its burden of proof to show that the alleged psychological problems caused or prolonged disability or the need for treatment of" claimant's carpal tunnel syndrome.

The board affirmed the ALJ by applying ORS 656.262(6)(c) to determine the ongoing compensability of claimant's combined condition.[1] In doing so, the board did not address the ALJ's conclusion that claimant did not have a combined condition but, rather, appears to have assumed for purposes of its decision that claimant's carpal tunnel syndrome had combined with a preexisting psychological condition to produce a combined condition. The board explained that, pursuant to ORS 656.262(6)(c), employer could deny the accepted combined condition only if the compensable injury had ceased to be the major contributing cause of the combined condition and that, in the absence of evidence demonstrating that a change in claimant's condition had caused the compensable injury to cease being the major contributing cause of the combined condition, employer's denial was procedurally invalid.

With regard to the latter conclusion, the board determined that the record was "insufficient to support the requisite 'change' in condition that the employer must establish to support its 'ceases' denial pursuant to ORS 656.262(6)(c)" because the board found unpersuasive the medical opinions on which employer had relied to issue its denial. The board stated that it found Davies's opinion to be unpersuasive because he had not discussed whether there had been a change in claimant's condition from the effective date of employer's acceptance of the combined condition. The board

---

[1] ORS 656.262(6)(c) provides:

"An insurer's or self-insured employer's acceptance of a combined or consequential condition under ORS 656.005(7), whether voluntary or as a result of a judgment or order, shall not preclude the insurer or self-insured employer from later denying the combined or consequential condition if the otherwise compensable injury ceases to be the major contributing cause of the combined or consequential condition."

further found Nolan's and Zinsmeister's opinions to be unpersuasive because Nolan and Zinsmeister were not mental health professionals, and the combined condition included psychological components.

Employer seeks judicial review of the board's order, which we review for legal error. ORS 656.298(7); ORS 183.482(8)(a). Employer contends that ORS 656.266(1) allocates to claimants the burden of proving the ongoing compensability of a combined condition involving a claim for an occupational disease. Employer accordingly contends that the board erred by setting aside employer's denial on the ground that *employer* had failed to prove that claimant's accepted compensable carpal tunnel syndrome was no longer the major contributing cause of her combined condition.

Conversely, claimant contends that ORS 656.262(6)(c) allocates to insurers and self-insured employers the burden of proof regarding the procedural validity and factual sufficiency of a denial issued pursuant to that statute and, therefore, the board did not err in setting aside the denial for employer's failure to satisfy that burden.

The resolution of the parties' competing contentions turns on a correct understanding of the relationship among ORS 656.005(7)(a)(B), ORS 656.266(2), and ORS 656.262(6)(c). ORS 656.005(7)(a)(B) establishes the basic policy on the compensability of combined conditions. It provides:

"If an otherwise compensable injury combines at any time with a preexisting condition to cause or prolong disability or a need for treatment, the combined condition is compensable only if, so long as and to the extent that the otherwise compensable injury is the major contributing cause of the disability of the combined condition or the major contributing cause of the need for treatment of the combined condition."

ORS 656.266, in turn, allocates the burden of proving the compensability of an injury, occupational disease, or combined condition. It provides, as relevant:

"(1) The burden of proving that an injury or occupational disease is compensable and of proving the nature and extent of any disability resulting therefrom is upon the worker. * * *

"(2)   Notwithstanding subsection (1) of this section, for the purpose of combined condition injury claims under ORS 656.005(7)(a)(B) only:

"(a)   Once the worker establishes an otherwise compensable injury, the employer shall bear the burden of proof to establish the otherwise compensable injury is not, or is no longer, the major contributing cause of the disability of the combined condition or the major contributing cause of the need for treatment of the combined condition.

"(b)   * * * [P]aragraph (a) of this subsection does not apply to any occupational disease claim."

The legislature added subsection (2) to the statute in 2001. Or Laws 2001, ch 865, § 2. As we will explain, the distinction that it makes between injury and occupational disease claims has a significant bearing on this case.

Finally, ORS 656.262(6)(c) authorizes an insurer or self-insured employer to deny a previously accepted combined or consequential condition "if the otherwise compensable condition ceases to be the major contributing cause of the combined or consequential condition." A proper understanding of that statute begins with our application of it in *State Farm Ins. Co. v. Lyda*, 150 Or App 554, 946 P2d 685 (1997), *rev den*, 327 Or 82 (1998).

*Lyda* involved an insurer's denial under ORS 656.262(6)(c) of a previously accepted combined condition. In overturning the denial, the board appeared to conclude that the insurer's denial was procedurally invalid:

" '[W]e are not inclined to find that there has been a change in [the] claimant's condition or a change in circumstances to warrant the issuance of a denial under ORS 656.262(6)(c).

" 'In any event, even if the requisite change of circumstances was present to support the procedural validity of such a denial, the persuasive medical evidence does not establish that claimant's compensable injury has "ceased" to be the major contributing cause of his chronic pain disorder.' "

150 Or App at 558.

On judicial review, the insurer contended that the board had effectively assigned to it the burden to prove the procedural validity of its ORS 656.262(6)(c) denial by establishing that there had been a change of the claimant's condition that would support issuance of the denial. The insurer argued that the board had erred in doing that because, pursuant to ORS 656.266, claimants bear the burden of proof on compensability, which meant that the claimant had to prove that, as of the date of the denial, his compensable injury continued to be the major contributing cause of his combined condition.

We rejected the insurer's argument, reasoning that the board had expressly, and correctly, recognized that ORS 656.266 imposed on the claimant the burden to prove the compensability of his combined condition:

"The Board's opinion clearly stated that [the] 'claimant has sustained *his burden* of proving that his compensable 1983 injury remains the major contributing cause of his chronic pain syndrome.' "

150 Or App at 559 (emphasis in original). We understood the board's statements about the procedural validity of the insurer's denial, *viz.*, that there "must be a 'requisite change of circumstances' and that 'the word "ceases" implies that there must be a change of circumstances,' " to identify circumstances under which an insurer could be subject to penalties under ORS 656.262(11)(a) for issuing an unreasonable denial. *Id.* We thereby rejected the notion that insurers had a burden to prove the procedural validity of a denial issued under ORS 656.262(6)(c) in a hearing on such a denial.

Significantly, however, the legislature reallocated the burden of proof for combined condition injury claims when it added subsection (2) to ORS 656.266 in 2001. Or Laws 2001, ch 865, § 2. The effect of the change was to shift from claimants to employers the burden to prove that a claimant's otherwise compensable injury "is not, or is no longer, the major contributing cause of the" claimant's combined condition. ORS 656.266(2)(a). That means that, if a claimant requests a hearing on an employer's denial under ORS 656.262(6)(c) of a combined condition injury claim, it is the employer that bears the burden of proving that, as of the

date of the denial, the claimant's condition had ceased to be the major contributing cause of the claimant's combined condition. The claimant has no burden to prove anything in such a case.

Although we have decided cases since 2001 involving the denial of combined condition injury claims, we have failed to make clear the import of ORS 656.266(2)(a). We also have failed to consistently apply the principle that we established in *Lyda* that rejected the idea that a denial under ORS 656.262(6)(c) could be set aside for "procedural invalidity."

For example, in *Oregon Drywall Systems, Inc. v. Bacon*, 208 Or App 205, 144 P3d 987 (2006), we affirmed a board order that set aside an employer's combined condition denial under ORS 656.262(6)(c). We noted that the board had concluded that the

> "employer's denial was procedurally flawed, because [the] employer had failed to establish that there had been a change in [the] claimant's medical condition subsequent to the * * * 'effective date' of the acceptance of the combined condition."

*Id.* at 208. In affirming the board, we concluded that there was substantial evidence to support the board's findings regarding the date on which the employer had accepted the combined condition and regarding the lack of "evidence that [the] claimant's condition [had] changed since that date." *Id.* at 210-11.

Under ORS 656.266(2)(a), the employer in *Oregon Drywall* had the burden to prove that the claimant's condition had changed since the employer's acceptance of the combined condition to the extent that the claimant's otherwise compensable injury had ceased to be the major contributing cause of the combined condition. Hence, the result that the board reached was correct under that statute: the employer had failed to satisfy the burden imposed on it by ORS 656.266(2)(a).

As we now appreciate, we should have corrected the board's characterization of the employer's denial as procedurally flawed, because it reflected a continued misunderstanding about the relationship between ORS 656.262(6)(c) and

ORS 656.266. As we said in *Lyda*, an employer that issues a denial under ORS 656.262(6)(c) without a reasonable basis to do so may be subject to penalties under ORS 656.262(11)(a). 150 Or App at 559 n 1. However, the fundamental issue at a hearing on such a denial is the validity of the denial, and the burden to prove its validity or invalidity is governed by ORS 656.266, not ORS 656.262(6)(c).

If, as in *Oregon Drywall*, the combined condition involves an otherwise compensable *injury*, then the employer has the burden to prove *the validity* of its denial. *See* ORS 656.266(2)(a). That means that the employer has the burden to submit evidence at the hearing that persuades the board that the claimant's condition has changed since the employer accepted the combined condition and that the change has caused the claimant's compensable injury to cease to be the major contributing cause of the combined condition. ORS 656.262(6)(c); *see also Oregon Drywall*, 208 Or App at 208-11.

However, if, as here, the combined condition involves an otherwise compensable *occupational disease*, then the claimant has the burden to prove *the invalidity* of the employer's denial. *See* ORS 656.266(1), (2)(b). That means that the claimant has the burden to submit evidence that persuades the board that the claimant's condition has not changed since the acceptance of the combined condition to such an extent that the compensable occupational disease has ceased to be the major contributing cause of the combined condition. How a claimant might choose to meet that burden depends on the facts of the case. For example, a claimant could submit evidence that would support a finding that, as of the effective date of the denial, the compensable occupational disease was the major contributing cause of the combined condition. If the board made that finding, it would follow that the denial was invalid because the compensable occupational disease had not ceased to be the major contributing cause of the combined condition. Alternatively, a claimant might submit evidence that would support a finding that the claimant's condition had not changed between the effective dates of the employer's acceptance and its denial of the combined condition or a finding that, if the claimant's condition had changed, it had not changed enough to cause the occupational disease to cease to be the major contributing

cause of the combined condition. The board could set aside the employer's denial on the basis of either finding, given the nature of a denial under ORS 656.262(6)(c).

Here, applying its procedural-invalidity principle, the board set aside employer's combined condition denial because the board concluded that employer had failed to prove the validity of the denial. The board erred in assigning that burden to employer. Employer has no burden in this case. Rather, it is claimant's burden to prove the invalidity of employer's denial of claimant's combined condition occupational disease claim.[2]

Reversed and remanded for reconsideration.

---

[2] As discussed above, claimant could meet her burden by establishing that the combined condition has not changed since its acceptance to such an extent that claimant's occupational disease has ceased to be the major contributing cause of the combined condition or by establishing that, as of the date of the denial, claimant's occupational disease is the major contributing cause of the combined condition. She also could meet her burden by establishing that she does not have the combined condition that employer purported to deny.