Argued and submitted May 26, 2016, affirmed May 10, 2017

In the Matter of the Compensation of
Robert C. Evans, III, Claimant.

Robert C. EVANS, III,
*Petitioner,*

*v.*

SAIF CORPORATION;
and B & G, Inc. - Gold Coast Truck Repair,
*Respondents.*

Workers' Compensation Board
1304105; A159666

396 P3d 952

Theodore P. Heus argued the cause for petitioner. With him on the briefs was Preston Bunnell, LLP.

Julie Masters argued the cause and filed the brief for respondents.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Wilson, Senior Judge.

**LAGESEN, J.**

Claimant petitions for review of a final order of the Workers' Compensation Board. In that order, the board upheld insurer SAIF Corporation's denial of claimant's "combined condition" claim, which SAIF issued after determining that claimant's accepted workplace injury was no longer the major contributing cause of claimant's disability or need for treatment. *See* ORS 656.005(7)(a)(B); ORS 656.262(6)(c); *Brown v. SAIF*, 361 Or 241, 243, 391 P3d 773 (2017) (explaining the nature of a "combined condition" claim for workers' compensation benefits). We review under ORS 183.482(8), ORS 656.298(7), and affirm.

On February 11, 2013, claimant injured his low back at work, and claimed workers' compensation benefits in connection with the injury. SAIF accepted the claim, designating the accepted condition as a "lumbar strain." Later, SAIF modified its acceptance to accept a combined condition beginning on the date of claimant's workplace injury. SAIF identified the combined condition as the lumbar strain that claimant suffered at work combined with claimant's preexisting lumbar spondylosis. SAIF subsequently denied the continued compensability of claimant's combined condition, finding that, as of August 7, 2013, claimant's workplace injury was no longer the major contributing cause of his disability or need for treatment. Thereafter, SAIF closed the claim, awarding time loss but no permanent disability.

Claimant requested a hearing on the denial before an administrative law judge (ALJ) and the ALJ affirmed. Claimant then sought review before the board, and the board, over the dissent of one board member, adopted and affirmed the ALJ's order, with supplementary analysis addressing whether SAIF's denial was permissible under our decision in *Brown v. SAIF*, 262 Or App 640, 325 P3d 834 (2014), *reversed*, 361 Or 241, 391 P3d 773 (2017).[1]

Before us, claimant again challenges the board's August 2013 denial of the compensability of his combined

---

[1] The dissenting board member disputed that SAIF's denial comported with the standard articulated in our decision in *Brown*, and would have concluded that the record lacked substantial evidence to support the findings required by that decision.

condition. In his first assignment of error, he asserts that the wording of the board's order reflects that, in upholding SAIF's denial, the board erroneously analyzed whether claimant's "accepted condition" (*i.e.*, lumbar strain) remained the major contributing cause of his combined condition, rather than analyzing whether claimant's "work-related injury incident" remained the major contributing cause of his combined condition, as required by our decision in *Brown*. *See* 262 Or App at 656 (holding that correct test to determine if a combined condition remains compensable is "whether claimant's work-related injury incident is the major contributing cause of the combined condition"). Relatedly, in his third assignment of error, claimant asserts that even if the board applied the correct legal standard under our decision in *Brown*, the board's determination that claimant's work-related injury incident was no longer the major contributing cause of his combined condition is not supported by substantial evidence. That is because, in claimant's view, the medical opinions in the record show only that claimant's *accepted lumbar strain* was no longer the major contributing cause of claimant's combined condition, and do not support the inference that claimant's "work-related injury incident" was no longer the major contributing cause of the combined condition.

In addition, apart from the *Brown* issues, claimant asserts in his second assignment of error that the board's order is not supported by substantial evidence for a different reason. He points out that our case law requires an insurer to present "evidence at the hearing that persuades the board that the claimant's condition has *changed* since the [insurer] accepted the combined condition" in order to carry its burden of proving that an accepted condition is no longer the major contributing cause of a combined condition. *Washington County v. Jansen*, 248 Or App 335, 345, 273 P3d 278 (2012) (emphasis added); *Wal-Mart Stores, Inc. v. Young*, 219 Or App 410, 418, 182 P3d 298 (2008) (explaining that medical evidence must demonstrate a change in the claimant's condition in order to support a finding that claimant's combined condition is no longer compensable). Claimant then asserts that the record does not contain substantial evidence that his condition changed between the date his accepted combined condition started and August 7, 2013,

the date as of which SAIF determined claimant's combined condition was no longer compensable.

Whatever the merits of claimant's first and third assignments of error under our decision in *Brown*, they have been foreclosed by the Supreme Court's recent reversal of that decision. *Brown*, 361 Or at 283. There, the court held that "an employer is entitled to deny a combined condition claim when the accepted injury is no longer the major contributing cause of that combined condition," rejecting our contrary conclusion that an employer has to prove that the "work-related injury incident" no longer remained a major contributing cause of any combined condition in order to deny compensability. *Id.* Here, regardless of any causal role that the "work-related injury incident" continues to play in claimant's combined condition, it is undisputed that, at the time of SAIF's denial of the compensability of claimant's combined condition, claimant's accepted lumbar strain was no longer the major contributing cause of claimant's combined condition. Accordingly, under the Supreme Court's decision in *Brown*, we reject claimant's first and third assignments of error.

As to claimant's second assignment of error, the question is whether substantial evidence supports the finding that claimant's medical condition changed between the date of SAIF's effective acceptance of claimant's combined condition and August 7, 2013, the date that, according to SAIF, claimant's combined condition became no longer compensable. *See Oregon Drywall Systems, Inc. v. Bacon*, 208 Or App 205, 210, 144 P3d 987 (2006) (holding that "the effective date of acceptance provides a baseline for determining whether a worker's condition has changed so that" the accepted condition no longer remains the major contributing cause of a combined condition). "Substantial evidence supports a finding when the record, viewed as a whole, permits a reasonable person to make the finding." *Garcia v. Boise Cascade Corp.*, 309 Or 292, 294, 787 P2d 884 (1990).

We conclude that substantial evidence supports the finding that the requisite change occurred. In particular, substantial evidence supports the finding that claimant's accepted lumbar strain had improved by August 7, 2013.

The evidence includes an independent medical evaluation performed by Dr. Rosenbaum on March 26, 2013. At that time, Rosenbaum opined that claimant's accepted lumbar strain remained the major contributing cause of claimant's need for treatment, and anticipated that the lumbar strain would persist for another 30 days:

> "The work injury continues to be the major contributing cause of the need for treatment. This is assuming the accuracy of the claimant's subjective symptoms with regard to the diagnosis of a lumbar strain. He has persistent symptoms and his treatment regimen has not persisted for the full length of time that one would reasonable expect a lumbar strain to persist. Therefore an additional 30 days of treatment would be reasonable referable to his diagnosis of a lumbar strain."

While a prognosis that a medical condition *will change* in the future is not substantial evidence that the condition in fact *did change*, in this case, the record also contains evidence of a report from claimant's treating physician, Dr. Bert, from August 2013. The report, which is based on Bert's examination of claimant on August 7, 2013, notes Rosenbaum's earlier opinion that claimant's lumber strain would need only an additional 30 days of treatment after March 26, 2013, and also indicates that Bert determined that claimant's lumber strain was no longer the major contributing cause of his need for treatment by August 7, 2013. In addition, the record contains evidence of a letter signed by Bert in October 2013 to clarify his August 2013 report. That letter confirms that Bert's August 2013 opinion that claimant's accepted lumbar strain was no longer the major contributing cause of his combined condition was based on Bert's clinical exams of claimant, and further states that "the lumbar strain showed the expected improvement with treatment and passage of time as expected."

From that evidence, a reasonable factfinder could find that claimant's condition changed between the effective date of the acceptance of the combined condition and August 7, 2013. Rosenbaum's opinion was that the lumbar strain was expected to improve within 30 days of March 26, 2013, and the October letter signed by Bert indicates that that "expected" improvement in fact occurred. Although

claimant notes correctly that Bert's October letter does not state expressly that the improvement of the lumbar strain occurred by August 7, 2013, the point of Bert's October letter was to clarify his August opinion, which focused on claimant's condition as of August 7, 2013. In any event, Rosenbaum's opinion that the lumbar strain was expected to improve within 30 days of March 26, 2013, and Bert's opinion that the "expected improvement" in fact occurred, permits the reasonable inference that the improvement had occurred by the time that Bert examined claimant on August 7, 2013, if not sooner.

Affirmed.