EGAN, C.J.
*990 *188 Claimant seeks review of an order of the Workers' Compensation Board upholding employer's denial of his combined condition claim. ORS 656.005(7)(a)(B) (defining claim). The board upheld the denial after determining that the medical evidence established that the accepted injury was no longer the major contributing cause of claimant's combined condition. Claimant contends that the board erred in failing also to require employer to show that the combined condition had changed since its acceptance. We conclude that the board did not err and that the board's order is supported by substantial evidence. ORS 183.482(8)(c). We therefore affirm.
We draw our summary of the facts from the board's order, which adopted an order of the administrative law judge with slight modification. Claimant, who has an extensive history of chronic low back problems, was injured at work on December 12, 2013, when he lifted some parts and experienced a spasm in his left low back, with electric shocks into his lower left leg and his toes. Employer initially accepted a claim for a disabling lumbar strain. Claimant's attending physician, Dr. Fischer, opined that the work injury had caused a temporary symptomatic flare-up of claimant's preexisting degenerative disc disease. But Fischer also expressed the view that, as of January 14, 2014, the strain had resolved and the major contributing cause of claimant's symptoms and need for treatment was the preexisting degenerative disc disease.
Relying on Fischer's opinion, on March 24, 2014, employer modified its acceptance to include a lumbar strain"combined with preexisting degenerative lumbar disc disease (effective December 12, 2013)." The next day, on March 25, 2014, employer denied the combined condition, explaining that "the otherwise compensable lumbar strain [had] ceased to be the major contributing cause of the need for treatment and disability of your combined condition and *** the preexisting condition has become the major contributing cause."
Claimant requested a hearing. In preparation for the hearing, employer requested that claimant see Dr. Swartz, *189 an orthopedic surgeon. After examining claimant and reviewing medical records, Swartz expressed the view that claimant's pain "involved the work injury worsening an L3-4 disc bulge, causing or increasing the bulge's impingement on the left L3 and L4 nerve roots [.]" Swartz stated that the work injury had not ceased to be the major contributing cause of claimant's symptoms. Fischer, in contrast, reiterated her view that the work injury had caused a minor lumbar strain that had initially combined with the preexisting degenerative disc disease to cause increased symptoms, but that the strain had resolved after about six weeks, after which time the preexisting condition was the major contributing cause of claimant's symptoms.
The board upheld the denial, explaining that it was persuaded by Fischer's opinion that the work strain had resolved. The board held that employer had met its burden under ORS 656.262(6)(c), (7)(b), and ORS 656.266(2)(a) to show that the work strain was no longer the major contributing cause of claimant's symptoms, disability, and need for treatment of the combined condition.
On judicial review, claimant does not dispute the board's finding that the accepted lumbar strain is no longer the major contributing cause of his symptoms or disability and need for treatment. But claimant nonetheless contends that the board erred in determining that employer had met its burden of proof. In claimant's view, in addition to establishing that the lumbar strain was no longer the major contributing cause of claimant's symptoms, employer was required to show that there had been a change in the combined *991 condition itself. Claimant contends that the only medical evidence shows that claimant's combined condition either has not changed or has deteriorated.
Employer responds that claimant is seeking to impose an element of proof that is not present in ORS 656.262, ORS 656.266(2)(a), or the case law. Employer contends further that the board applied the correct test and that substantial evidence supports the board's findings in support of its conclusion that employer has met its burden to show that the lumbar strain-the "otherwise compensable injury"-is no longer the major contributing cause of *190 claimant's symptoms, disability, or need for treatment of the combined condition.
We briefly set out the pertinent statutory texts. A combined condition is defined in ORS 656.005(7)(a)(B) :
"If an otherwise compensable injury combines at any time with a preexisting condition to cause or prolong disability or a need for treatment, the combined condition is compensable only if, so long as and to the extent that the otherwise compensable injury is the major contributing cause of the disability of the combined condition or the major contributing cause of the need for treatment of the combined condition."
ORS 656.262(6)(c) describes the circumstance under which an employer may deny a combined condition claim that it has previously accepted:
"An insurer's or self-insured employer's acceptance of a combined or consequential condition under ORS 656.005(7), whether voluntary or as a result of a judgment or order, shall not preclude the insurer or self-insured employer from later denying the combined or consequential condition if the otherwise compensable injury ceases to be the major contributing cause of the combined or consequential condition."
ORS 656.262(7)(b) describes the procedures for denying and then closing a combined condition claim:
"Once a worker's claim has been accepted, the insurer or self-insured employer must issue a written denial to the worker when the accepted injury is no longer the major contributing cause of the worker's combined condition before the claim may be closed."
ORS 656.268(1)(b) states that an employer is authorized to close a combined condition claim the accepted injury "is no longer the major contributing cause" of the combined condition.
Finally, as pertinent here, ORS 656.266(2)(a) describes the employer's burden of proof in support of a denial of a combined condition claim:
"Once the worker establishes an otherwise compensable injury, the employer shall bear the burden of proof to establish the otherwise compensable injury is not, or is no *191 longer, the major contributing cause of the disability of the combined condition or the major contributing cause of the need for treatment of the combined condition."
Our cases have long recognized that, in view of the phrase "ceases to be the major contributing cause of the combined or consequential condition" in ORS 656.262 (6)(c), when a combined condition claim has been accepted, in order to meet its burden in denying the claim under ORS 656.266(2)(a), the employer must show a change in the worker's condition or circumstances, such that the otherwise compensable injury is no longer the major contributing cause of the combined condition or the need for treatment of the combined condition. See, e.g. , Washington County v. Jansen , 248 Or. App. 335, 345, 273 P.3d 278 (2012) (when a combined condition involves an "otherwise compensable injury," it is the employer's burden to prove "that the claimant's condition has changed since the employer accepted the combined condition and that the change has caused the claimant's compensable injury to cease to be the major contributing cause of the combined condition").
Based on that case law and the statutory text, employer contends that the medical evidence in this case is sufficient to meet its burden, because it shows that claimant's accepted lumbar strain has resolved and was no longer combining with the preexisting condition. Claimant contends that the burden *992 imposed by ORS 656.266 is to show that the accepted combined condition itself has changed. Claimant asserts that here there is no medical evidence that the combined condition itself has changed-if anything, the evidence shows that claimant's symptoms have worsened. In claimant's view, Fischer's opinion, on which the board relied, describes only "a magic transformation" by which the same symptoms that claimant has experienced all along (and that were previously compensable as attributable to the compensable injury) are now attributable to the preexisting condition. Claimant contends that ORS 656.266 does not contemplate that an employer can meet its burden with that type of evidence.
We appreciate claimant's frustration with the board's conclusion that symptoms that were once deemed compensable are no longer. But the statutory texts, cited above, are definitive and permit a denial of a combined condition claim *192 when the "otherwise compensable injury," i.e. , the "accepted injury," is no longer the major contributing cause of the worker's combined condition or the disability or need for treatment from the combined condition. Thus, it was legally permissible for the board to rely on medical evidence that the lumbar strain had resolved in support of its finding that claimant's condition had changed such that employer could deny the combined condition claim. See Multifoods Specialty Distribution v. McAtee , 333 Or. 629, 638, 43 P.3d 1101 (2002) ("Substantial evidence in the record supports the finding that, by January 1997, claimant's unresolved discomfort was due to the degenerative condition, rather than the more recent strain."). In light of Fischer's opinion that the lumbar strain had resolved, the board did not err in relying on it in support of its finding. And, even assuming the correctness of claimant's contention that the evidence must show a change in the combined condition itself, Fischer's opinion fulfills that requirement. It constitutes evidence, in essence, that claimant's combined condition had changed such that the accepted lumbar strain was no longer the major contributing cause of claimant's symptoms.
The Supreme Court's opinion in Brown v. SAIF , 361 Or. 241, 391 P.3d 773 (2017), confirms our understanding of how the above statutes work together with respect to the burden of proof in combined condition claims. There the court said:
"If an employer accepts a combined condition claim, that acceptance does not preclude the employer from later denying the claim, should circumstances change so that the otherwise compensable condition is no longer the major contributing cause of the combined condition . ORS 656.262 (6)(c). If the employer believes that to be the case, it is required to notify the claimant in writing that the 'accepted injury' is no longer the major contributing cause of that combined condition[.] *** ORS 656.262(7)(b) ; see also ORS 656.268(1)(b) (employer authorized to close combined condition claim if '[t]he accepted injury is no longer the major contributing cause' of the combined condition)."
Id. at 251-52, 391 P.3d 773 (emphasis added). As the court explained in Brown , to support the denial of a previously accepted combined condition claim, the required "change" in the worker's *193 condition or circumstances is that "the otherwise compensable condition is no longer the major contributing cause of the combined condition." Id. at 251, 391 P.3d 773.[1] *993 The remaining question raised by claimant is whether the evidence is sufficient here to permit the finding that claimant's condition had changed such that the otherwise compensable injury was no longer the cause of the combined condition. Whether an "otherwise compensable injury" ceases to be the major contributing cause of a combined condition is a complex medical question that depends on medical evidence. SAIF v. Strubel , 161 Or. App. 516, 521, 984 P.2d 903 (1999) (whether a preexisting condition or on-the-job injury is the major contributing cause of a worker's condition is the sort of complex medical question that ordinarily requires expert testimony). Here, the board found Fischer's opinion to be more persuasive and relied on Fischer's opinion in support of its findings that the lumbar strain had resolved and that, although claimant still experienced symptoms, the major contributing cause of those symptoms is the degenerative disc disease rather than the lumbar strain. We conclude that Fischer's opinion is substantial evidence in support of the board's finding that the lumbar strain, having resolved, no longer combines with the preexisting condition. We therefore affirm.
Affirmed.

The litigation of this case has been somewhat complicated by the fact that, at the time the board issued its order, our opinion in Brown v. SAIF , 262 Or. App. 640, 325 P.3d 834 (2014), controlled the analysis. In that opinion, we held that the term "compensable injury" as used in ORS 656.262(6)(c), (7)(b), and ORS 656.266(2)(a), refers to the accidental work injury or the "work-related injury incident," rather than the accepted condition. Subsequent to briefing and oral argument here, the Supreme Court reversed our opinion in Brown , and rejected our definition of "compensable injury" as used in those statutes. The court held that the compensability of a combined condition claim depends on its relationship to a previously accepted condition. Brown , 361 Or. at 283, 391 P.3d 773. The Supreme Court's reversal of our opinion in Brown forecloses claimant's arguments here that compensability is "event focused" and that the board therefore erred in considering only the accepted lumbar strain, rather than the full effects of the work accident, in determining the major contributing cause of claimant's combined condition.