PER CURIAM
*993 *602 Claimant has petitioned for reconsideration of our per curiam opinion in Zinser-Rankin v. SAIF , 291 Or.App. 495, 415 P.3d 1151 (2018). We allow reconsideration to clarify our previous opinion and adhere to that opinion as clarified.
In his briefs in this matter, claimant argues that the Workers' Compensation Board erred in upholding SAIF's "ceases" denial of petitioner's combined condition in two different respects: (1) by applying the wrong legal standard in determining whether SAIF demonstrated the requisite change in petitioner's combined condition; and (2) by erroneously determining that substantial evidence supported the finding of the requisite change in condition. On the first point, claimant argues that, to show the requisite change, SAIF had to make a two-part showing that petitioner's condition had changed and that the cause of his need for treatment had changed. On the second point, claimant argues that the evidence on which the board relied is insufficient to support a finding that claimant's accepted condition was no longer the major contributing cause of the combined condition or need for treatment. We affirmed in our per curiam opinion, citing Fillinger v. The Boeing Co. , 290 Or.App. 187, 413 P.3d 989 (2018).
In the petition for reconsideration, claimant argues that, for two reasons, Fillinger does not control or otherwise affect the outcome of this case, and that it was "clearly erroneous" for us to rely on it to resolve this case. He first argues that Fillinger is consistent with his argument that SAIF had to make a two-part showing of a change in causation and a change in condition to demonstrate that his condition had changed in a manner sufficient to support a ceases denial and, thus, does not resolve that issue. That argument is contrary to the express statement in Fillinger that, under Brown v. SAIF , 361 Or. 241, 391 P.3d 773 (2017), "to support the denial of a previously accepted combined condition claim, the required 'change' in the worker's condition or circumstances is that 'the otherwise compensable condition is no longer the major contributing cause of the combined condition.' " Fillinger , 290 Or.App. at 192-93, 413 P.3d 989.
*603 In his second argument, claimant points out that Fillinger does not control the substantial evidence question in this case because this case involves different evidence than that at issue in Fillinger . Claimant is correct on that point. To the extent that our per curiam opinion can be read to indicate otherwise, we clarify that we have reviewed the record in this case and have rejected claimant's substantial evidence arguments based on that review.
Reconsideration allowed; former opinion clarified and adhered to as clarified.