Argued and submitted October 27, 2016, affirmed June 7, petition for review denied October 19, 2017 (362 Or 94)

In the Matter of the Compensation of
Karlynn Jo Akins, Claimant.

Karlynn Jo AKINS,
*Petitioner,*

*v.*

SAIF CORPORATION
and City of Springfield,
*Respondents.*

Workers' Compensation Board
1205958; A158487

398 P3d 463

Christopher D. Moore argued the cause and filed the briefs for petitioner.

David L. Runner argued the cause and filed the brief for respondents.

Before Ortega, Presiding Judge, and Egan, Judge, and Lagesen, Judge.

**LAGESEN, J.**

Claimant petitions for review of a final order of the Workers' Compensation Board. In that order, the board upheld insurer SAIF Corporation's (1) denial of claimant's "new and omitted condition" claims, ORS 656.267; and (2) denial of claimant's "combined condition" claim, ORS 656.262(6)(c). We review under ORS 183.482(8) and ORS 656.298(7), and affirm for the reasons that follow.

On February 8, 2012, claimant injured her left knee at work, and claimed workers' compensation benefits in connection with the injury. SAIF accepted the claim, designating the accepted condition as a "left knee sprain and contusion."[1] Later, SAIF modified its acceptance to accept a combined condition beginning on the date of claimant's workplace injury. SAIF identified the combined condition as the knee sprain and contusion that claimant suffered at work combined with claimant's preexisting medial compartmental left knee arthritis. SAIF subsequently denied the continued compensability of claimant's combined condition, finding that, as of September 14, 2012, claimant's accepted workplace injury was no longer the major contributing cause of claimant's combined left knee condition.

After SAIF's initial acceptance of her claim, claimant initiated two "new or omitted condition" claims under ORS 656.267. Claimant requested that SAIF accept the condition of "unicompartmental arthritis" and also a condition that was "a combination between what has been diagnosed as preexisting arthritis in [claimant's] left knee with the injury event of February 8, 2012." SAIF denied both of claimant's "new or omitted condition" claims.

Claimant requested a hearing on the denials before an administrative law judge (ALJ), and the ALJ affirmed. Claimant then sought review before the board, which affirmed the ALJ's order. The board unanimously concluded that SAIF properly denied claimant's "new and omitted" condition claims, finding that "the record does not persuasively

---

[1] The notice of acceptance refers to the accepted condition as a knee "sprain," although some documents in the record refer to the condition as a "strain." We refer to the condition as a "sprain" to be consistent with SAIF's specification of the accepted condition.

establish that" the conditions for which claimant sought acceptance were "separate and distinct" from the combined condition that SAIF already had accepted. A majority of the board, over one board member's dissent, also found that claimant's workplace injury ceased to be the major contributing cause of claimant's current combined condition as of September 14, 2012, and, therefore, that SAIF properly denied the continued compensability of claimant's combined condition after that date. The dissenting board member would have reached a different result, explaining that she found the medical opinions on which the majority relied unpersuasive, in part because the doctors who rendered those opinions appeared to evaluate claimant's condition in a manner that was contrary to our decision in *Brown v. SAIF*, 262 Or App 640, 325 P3d 834 (2014), *rev'd*, 361 Or 241, 391 P3d 773 (2017) (*Brown I*).

Claimant seeks judicial review. In her first assignment of error, claimant challenges the board's determination that SAIF properly denied her "new or omitted condition" claims. In her second assignment of error, she challenges the board's finding that her workplace knee injury ceased to be the major contributing cause of her combined condition as of September 14, 2012. We address claimant's arguments in turn.

ORS 656.267[2] governs claimant's "new and omitted condition" claims. By its terms, the statute provides a

---

[2] ORS 656.267, regarding claims for "new and omitted medical conditions," provides:

"(1) To initiate omitted medical condition claims under ORS 656.262(6)(d) or new medical condition claims under this section, the worker must clearly request formal written acceptance of a new medical condition or an omitted medical condition from the insurer or self-insured employer. A claim for a new medical condition or an omitted condition is not made by the receipt of medical billings, nor by requests for authorization to provide medical services for the new or omitted condition, nor by actually providing such medical services. The insurer or self-insured employer is not required to accept each and every diagnosis or medical condition with particularity, as long as the acceptance tendered reasonably apprises the claimant and the medical providers of the nature of the compensable conditions. Notwithstanding any other provision of this chapter, the worker may initiate a new medical or omitted condition claim at any time.

"(2)(a) Claims properly initiated for new medical conditions and omitted medical conditions related to an *initially* accepted claim shall be processed pursuant to ORS 656.262.

mechanism for a workers' compensation claimant to seek acceptance of conditions that are not included within the scope of an insurer's acceptance of the claimant's claim, which must "[s]pecify what conditions are compensable." ORS 656.262(6)(b)(A). Here, the board found that the conditions for which claimant sought acceptance in her "new and omitted condition" claims were included within the scope of the combined condition that SAIF already had accepted. Thus, the board concluded, SAIF properly denied claimant's claims under ORS 656.267 because the conditions for which claimant sought acceptance were not, in fact, new or omitted conditions within the meaning of ORS 656.267.

On review, claimant does not assign error to the board's factual finding that the conditions for which she sought acceptance were included within the combined condition that SAIF already had accepted. *SAIF v. Custer*, 181 Or App 199, 202, 45 P3d 508 (2002) (explaining that the scope of SAIF's acceptance is a question of fact reviewed for substantial evidence). Instead, claimant argues that SAIF was required to accept those conditions even if they were included within the previously accepted condition, and that SAIF's denials of claimant's "new and omitted condition" claims under ORS 656.267 were therefore erroneous.

We disagree. As its text indicates, the purpose of ORS 656.267 is to permit a workers' compensation claimant to obtain acceptance of conditions that, as a factual matter, are not included within the scope of an insurer's acceptance of the claimant's claim. The focus of the statute is on conditions that are "new" or "omitted" with respect to an existing notice of acceptance. *Nacoste v. Halton Co.*, 275 Or App 600, 605-07, 365 P3d 1098 (2015) (discussing legislative history of ORS 656.267 and explaining that purpose of statute is to

---

"(b) If an insurer or self-insured employer denies a claim for a new medical or omitted medical condition, the claimant may request a hearing on the denial pursuant to ORS 656.283.

"(3) Notwithstanding subsection (2) of this section, claims for new medical or omitted medical conditions related to an initially accepted claim that have been determined to be compensable and that were initiated after the rights under ORS 656.273 expired shall be processed as requests for relief under the Workers' Compensation Board's own motion jurisdiction pursuant to ORS 656.278(1)(b)."

create a process for acceptance of conditions that are "distinct from the condition identified as accepted in the notice of acceptance"). Nothing in the text, context, or legislative history of the statute supports claimant's argument that the legislature intended to require an insurer to reaccept (and reprocess) a condition that, as a factual matter, already has been accepted. The board did not err in upholding SAIF's denials of claimant's "new and omitted condition" claims under ORS 656.267.

We turn to claimant's second assignment of error, in which claimant contends that substantial evidence does not support the board's finding that claimant's workplace knee injury ceased to be the major contributing cause of claimant's combined condition as of September 14, 2012. In particular, claimant relies on our decision in *Brown I* to argue that the record lacks substantial evidence to support that finding because the examining doctors on which the board relied focused on whether claimant's "accepted condition" (*i.e.*, the knee sprain and contusion) remained the major contributing cause of her combined condition, and did not analyze whether claimant's "work-related injury incident" remained the major contributing cause of her combined condition. *See* 262 Or App at 656 (holding that correct test to determine if a combined condition remains compensable is "whether claimant's work-related injury incident is the major contributing cause of the combined condition"). Alternatively, claimant argues that the board's finding is not supported by substantial evidence because, in her view, the record lacks evidence to support a finding that claimant's condition changed after the date on which SAIF accepted the combined condition, a finding that is required by our case law. *See Washington County v. Jansen*, 248 Or App 335, 345, 273 P3d 278 (2012); *Wal-Mart Stores, Inc. v. Young*, 219 Or App 410, 419, 182 P3d 298 (2008) (explaining that medical evidence must demonstrate a change in the claimant's condition in order to support a finding that claimant's combined condition is no longer compensable). Claimant contends additionally that the board's decision is not supported by substantial reason, asserting that the board did not adequately explain why it found certain medical evidence persuasive and why it rejected other medical evidence.

To the extent claimant's arguments are predicated on our decision in *Brown I*, they have been foreclosed by the Supreme Court's recent reversal of that decision. *Brown v. SAIF*, 361 Or 241, 244, 391 P3d 773 (2017) (*Brown II*). There, the court held that "an employer is entitled to deny a combined condition claim when the accepted injury is no longer the major contributing cause of that combined condition," rejecting our contrary conclusion that an employer has to prove that the "work-related injury incident" no longer remained a major contributing cause of any combined condition in order to deny compensability. *Id.* at 283. In view of the court's conclusion, we must reject claimant's contention that the reports on which the board relied cannot constitute substantial evidence. Even if claimant is correct that those reports do not align with the standard that we articulated in *Brown I*, the reports are consistent with the articulation of the applicable legal standard *Brown II*, and, for that reason, the board permissibly could rely on them to determine that claimant's workplace injury had ceased to be the major contributing cause of her current combined condition as of September 14, 2012.

As noted, claimant also argues that the record does not contain substantial evidence that claimant's condition changed between the date of SAIF's effective acceptance of claimant's combined condition and September 14, 2012, the date that, according to SAIF, claimant's combined condition became no longer compensable. *See Oregon Drywall Systems, Inc. v. Bacon*, 208 Or App 205, 210, 144 P3d 987 (2006) (holding that "the effective date of acceptance provides a baseline for determining whether a worker's condition has changed so that" the accepted condition no longer remains the major contributing cause of a combined condition). "Substantial evidence supports a finding when the record, viewed as a whole, permits a reasonable person to make the finding." *Garcia v. Boise Cascade Corp.*, 309 Or 292, 294, 787 P2d 884 (1990).

We conclude that substantial evidence supports the finding that the requisite change occurred and, in particular, the finding that claimant's accepted knee sprain and contusion had resolved by September 14, 2012. That evidence includes the opinion of Dr. Dewing, who conducted

an independent medical examination of claimant on September 14, 2012, and Dr. Sabahi, who evaluated claimant's condition based on a comprehensive review of claimant's medical records. Dewing opined that, although he could not pinpoint the specific date by which claimant's workplace knee injury resolved, the knee sprain and contusion had resolved no later than September 14, 2012, as there were no "findings specific to" the sprain or the contusion as of that date. Sabahi concurred in that opinion based on his review of claimant's records. Those opinions would permit a reasonable person to find that claimant's condition changed between the date of her workplace injury and September 14, 2012. Although there was competing evidence in the record that would permit a reasonable person to reach the contrary finding reached by the dissenting board member, that does not make the board majority's reliance on the evidence on which it relied unreasonable.

Finally, claimant argues that the board's decision—in particular, its decision to rely on the opinions of Dewing and Sabahi, rather than the competing opinions of other medical professionals—is not supported by substantial reason, given what claimant perceives to be a number of weak points in the opinions of Dewing and Sabahi. An agency's decision is supported by substantial reason if the decision "suppl[ies] an explanation connecting the facts of the case and the result reached." *Rogue Advocates v. Jackson County*, 282 Or App 381, 389, 385 P3d 1262 (2016). Here, the board's decision, which explained why the board found the evidence on which it relied more persuasive than the evidence on which it did not, met that standard.

Affirmed.