Argued and submitted October 16, affirmed December 26, 2019

In the Matter of the Compensation of
Randy G. Simi, Claimant.

Randy G. SIMI,
*Petitioner,*

*v.*

LTI INC. - LYNDEN INC.,
*Respondent.*

Workers' Compensation Board
1702216; A168738

456 P3d 673

Claimant seeks review of an order of the Workers' Compensation Board setting aside an order of an administrative law judge directing employer to reopen an accepted claim for "right rotator cuff tear" for the processing of claimant's current shoulder conditions of infraspinatus and supraspinatus tears, which claimant contended are new or omitted conditions under ORS 656.262(7). Claimant contends that, because employer conceded at the hearing that the conditions are compensable as encompassed within the original claim, employer is required under ORS 656.262(7)(c) to reopen the claim and reprocess the conditions. *Held*: ORS 656.262(7)(c) imposes an obligation to reopen a claim for processing only for conditions that are found to be compensable as new or omitted medical conditions (or aggravations or combined conditions) and therefore have not previously been processed, not for conditions that are only alleged to be new or omitted but that are determined to have been encompassed in an original acceptance and previously processed. The board therefore did not err in concluding that the original claim for right rotator cuff tear did not need to be reopened for processing of the infraspinatus and supraspinatus tears.

Affirmed.

Ronald A. Fontana argued the cause and filed the briefs for petitioner.

Rebecca A. Watkins argued the cause for respondent. Also on the brief was Sather, Byerly & Holloway, LLP.

Before Lagesen, Presiding Judge, and DeVore, Judge, and Powers, Judge.

DeVORE, J.

Affirmed.

Lagesen, P. J., concurring in part, dissenting in part.

**DeVORE, J.**

This case is one in a series of claims relating to claimant's efforts to obtain workers' compensation benefits for a shoulder condition diagnosed as "right shoulder full thickness tear of the supraspinatus tendon and tearing of the infraspinatus tendon." Claimant seeks review of an order of the Workers' Compensation Board setting aside an order of an administrative law judge (ALJ) that had directed employer to reopen an accepted claim for "right rotator cuff tear" for the processing of claimant's current shoulder conditions, which claimant asserts are new or omitted. Claimant also challenges the board's reversal of the ALJ's assessment of a penalty under ORS 656.262 (11)(a). We review the board's order for substantial evidence and errors of law. ORS 183.482(8)(a), (c). We conclude that the board did not err and affirm.

The facts are undisputed, but the procedural history of the claims is a bit complex. Claimant filed a claim for a right shoulder injury in 2010. Employer accepted the claim as a right rotator cuff tear, claimant had surgical repairs, and the claim closed in 2011 with an award for permanent impairment.

In 2013 and 2014, claimant suffered work-related injuries and, in 2015, he had a second surgery to repair a new rotator cuff tear. The orthopedic surgeon diagnosed "recurrent right full thickness rotator cuff tear." In 2016, claimant sought to establish the compensability of his current shoulder conditions—infraspinatus and supraspinatus tears—either as new/omitted conditions or as an aggravation of the 2010 injury.[1] Employer denied both claims as not compensable.[2] Subsequently, the doctor who had performed claimant's 2010 surgery opined that "'rotator cuff' encompassed a reference to the supraspinatus and infraspinatus

---

[1] Claimant had also previously sought compensation for the conditions as an occupational disease. *See Simi v. LTI Inc. - Lynden Inc.*, 300 Or App 258, 453 P3d 587 (2019) (remanding for reconsideration order rejecting occupational disease claim because of claimant's failure to establish a contribution from "general work activities")

[2] Employer's denial stated: "Based on the medical evidence currently available, it does not appear the 04/06/2010 injury materially caused [the claimed conditions] or that it otherwise arose out of and in the course of your employment."

tendons," that his diagnoses were meant to encompass those conditions, and that the previously accepted "right rotator cuff" tear "adequately encompassed the new or omitted conditions."

At a hearing, employer acknowledged that the described conditions were more specific terms for the rotator cuff tear that had been accepted in 2011. Employer did not, however, rescind or amend its denial.

In an order of March 24, 2017, an ALJ upheld employer's denial of the aggravation claim, but set aside that portion of employer 's denial based on compensability, reasoning that the denied conditions were encompassed within the accepted rotator cuff tear claim.[3] They were compensable insofar as they had been previously accepted. The ALJ awarded an attorney fee under ORS 656.386(1). Despite claimant's request, however, the ALJ did not remand the claim to employer for acceptance and further processing, and employer did not reopen the claim for processing. Both parties appealed the ALJ's order to the board.

While the appeals to the board were pending on the order of March 24, 2017, claimant initiated this separate proceeding, seeking an order requiring employer to reopen the 2010 claim for acceptance and processing of the infraspinatus and supraspinatus tears.

Before a hearing occurred on claimant's hearing request, the board, in an order of October 2017, largely upheld the ALJ's March 2017 order, making rulings favorable to each party. The board upheld the ALJ's rejection of employer's compensability denial and also awarded claimant a penalty and attorney fees under ORS 656.262(11)(a) for unreasonable claims processing. However, on the evidence, the board agreed with employer that the claimed conditions were not new or omitted and were encompassed

---

[3] The ALJ pointed out the inconsistency of both denying "compensability" and acknowledging that the conditions were encompassed within the original acceptance. The ALJ explained that an omitted medical condition claim may be denied, even if the claimed conditions are compensable, if the claimed conditions are neither "new" nor "omitted." But the ALJ noted that employer's denial had not been made on that basis, but rather because the conditions were not compensable. The ALJ concluded that the denial was not "legally supportable."

within employer's acceptance of the claim for right rotator cuff tear. And, the board upheld employer's denial of claimant's aggravation claim for the claimed conditions.

Despite having overturned employer 's denial of the compensability of the claimed conditions, the board's October 2017 order did not remand the claim for further processing. Employer had contended that setting aside the denial could "create the illusion that [the] employer must process the supraspinatus and infraspinatus tears," but the board did not explicitly address whether additional processing was required. Instead, the board simply observed that the ALJ's March 2017 order had not remanded the claim to employer for further processing.

We affirmed the board's October 2017 order without opinion. 295 Or App 143, 432 P3d 399 (2018). Thus, the board's October 2017 order finally determined that the infraspinatus and supraspinatus tears are encompassed within employer's acceptance of a right rotator cuff tear and did not constitute new or omitted conditions or an aggravation of the right rotator cuff tear (*i.e.*, the 2010 injury was not a material contributing cause of any worsening of the right rotator cuff tear).

Returning to the matter before us, as we have noted, after the ALJ's March 2017 order, claimant had requested a hearing seeking an order requiring employer to reopen the earlier claim for processing of the infraspinatus and supraspinatus tears. Claimant relied on ORS 656.262(7)(c), which provides that "[i]f a condition is found compensable after claim closure, the insurer or self-insured employer shall reopen the claim for processing regarding that condition." The ALJ agreed with claimant, determining that employer was required to reopen the claim, because employer's compensability denial had been overturned. The ALJ determined that the overturning of the compensability denial also triggered an obligation under OAR 436-060-0140(7) to issue a new notice of acceptance. The ALJ reasoned that the March 2017 and October 2017 orders had not addressed the processing obligations resulting from the overturning of employer's compensability denial. The ALJ ordered employer to reopen the claim and also awarded claimant

a penalty and attorney fees. Employer appealed the ALJ's order to the board.

In the current order on judicial review, the board reversed the ALJ. Although the board noted that its October 2017 order had not remanded the claim for processing, the board chose not to rely on that prior order as having determined that no reopening of the claim was required. Rather, the board addressed the merits of employer's contention that no reopening or further processing was required. The board explained that ORS 656.262(7) applies to require a reopening and processing only when a new or omitted condition is found compensable after claim closure. The board reasoned that, because the infraspinatus and supraspinatus tears were encompassed within the 2010 rotator cuff tear, they were not new or omitted conditions and therefore had not been "found compensable after claim closure," so as to trigger an obligation for claim reopening and processing under ORS 656.262(7)(c). The board cited our opinion in *Akins v. SAIF*, 286 Or App 70, 74, 398 P3d 463, *rev den*, 362 Or 94 (2107), in which we stated that when a condition is determined to have been encompassed within a prior acceptance, there is no obligation for the employer to "reaccept (and reprocess) a condition that, as a factual matter, already has been accepted." The board reversed the ALJ's order requiring a reopening of the claim and awarding a penalty and attorney fee.

Board member Lanning dissented, reasoning that the rejection of employer's compensability denial resulted in the conditions having been "found compensable after claim closure," requiring a reopening and processing under ORS 656.262(7)(c). Claimant follows the dissenting board member's line of reasoning, contending that, employer's compensability denial of the infraspinatus and supraspinatus tears having been set aside, and claimant's claim for "new or omitted" conditions having been "found compensable after claim closure," the statutes are clear that employer was required to process the claim pursuant to ORS 656.262 (7)(c). Employer responds that the obligation to reopen and process a new or omitted medical condition claim only applies to new or omitted medical conditions, not to "encompassed" conditions.

The case presents a question of statutory construction, and we set forth the relevant statutory text. New or omitted medical condition claims are governed by ORS 656.267 and ORS 656.262(6) and (7). Under ORS 656.267,[4] a claimant is required to initiate a new or omitted medical condition claim pursuant to the procedures set forth in that section, which then requires that the claim will be processed under ORS 656.262. In turn, ORS 656.262(6)(d) provides:

> "An injured worker who believes that a condition has been incorrectly omitted from a notice of acceptance, or that the notice is otherwise deficient, first must communicate in writing to the insurer or self-insured employer the worker's objections to the notice pursuant to ORS 656.267. The insurer or self-insured employer has 60 days from receipt of the communication from the worker to revise the notice or to make other written clarification in response."

Thus, pursuant to ORS 656.262(6)(d), if, after claim acceptance or closure, a claimant believes that an acceptance should include a new condition related to the accepted claim or an omitted condition, the claimant is required to notify the employer pursuant to ORS 656.267. The claim is then required to be processed pursuant to ORS 656.262(7). The subsection reads, as relevant:

> "(7)(a)   After claim acceptance, written notice of acceptance or denial of claims for aggravation or new medical or omitted condition claims properly initiated pursuant to ORS 656.267 shall be furnished to the claimant by the insurer or self-insured employer within 60 days after the insurer or self-insured employer receives written notice of such claims. ***

---

[4] As relevant, ORS 656.267 provides:

"(1) To initiate omitted medical condition claims under ORS 656.262 (6)(d) or new medical condition claims under this section, the worker must clearly request formal written acceptance of a new medical condition or an omitted medical condition from the insurer or self-insured employer. *** Notwithstanding any other provision of this chapter, the worker may initiate a new medical or omitted condition claim at any time.

"(2)(a)  Claims properly initiated for new medical conditions and omitted medical conditions related to an initially accepted claim shall be processed pursuant to ORS 656.262.

"(b)  If an insurer or self-insured employer denies a claim for a new medical or omitted medical condition, the claimant may request a hearing on the denial pursuant to ORS 656.283."

"(b)   Once a worker's claim has been accepted, the insurer or self-insured employer must issue a written denial to the worker when the accepted injury is no longer the major contributing cause of the worker's combined condition before the claim may be closed.

"(c)   When an insurer or self-insured employer determines that the claim qualifies for claim closure, the insurer or self-insured employer shall issue at claim closure an updated notice of acceptance that specifies which conditions are compensable. The procedures specified in subsection (6)(d) of this section apply to this notice. Any objection to the updated notice or appeal of denied conditions shall not delay claim closure pursuant to ORS 656.268. *If a condition is found compensable after claim closure, the insurer or self-insured employer shall reopen the claim for processing regarding that condition.*"

(Emphasis added.) As it relates to new/omitted medical condition claims, we understand ORS 656.262(7)(a) to pertain to the processing of new or omitted condition claims initiated pursuant to ORS 656.267 and ORS 656.262(6)(d). In turn, ORS 656.262(7)(c) requires that, when an insurer or self-insured employer determines that a claim for a new or omitted condition (or an aggravation or combined condition) qualifies for closure, the insurer is required to issue an updated notice of acceptance that specifies which conditions are compensable and, if a new/omitted medical condition claim (or an aggravation or combined condition claim) is determined to be compensable after closure, the claim must be reopened for processing of that condition. The claim is required to be reopened because the new/omitted medical condition has not previously been processed.

Claimant and the dissent focus on the italicized last sentence of ORS 656.262(7)(c): "If a condition is found compensable after claim closure, the insurer or self-insured employer shall reopen the claim for processing regarding that condition." In their view, that text unambiguously requires a reopening any time a condition is determined to be compensable after claim closure, without regard to whether the condition is, in fact, new or omitted (or an aggravation or combined condition). When, claimant contends, the board rejects an employer's compensability denial

of conditions alleged to be new or omitted, the new/omitted medical conditions have been "found compensable." But, in light of its statutory context, we understand the last sentence of ORS 656.262(7)(c) to impose an obligation to reopen a claim for processing only for conditions that *are in fact* determined to be compensable as new or omitted conditions (or aggravations or combined conditions) after closure, *i.e.*, that are found to be compensable as new or omitted medical conditions (or aggravations or combined conditions) and therefore have not previously been processed, not for conditions that are only *alleged* to be new or omitted but that are determined to have been encompassed in an original acceptance and previously processed. We offered that interpretation in *Providence Health System v. Walker*, 252 Or App 489, 502, 289 P3d 256 (2012), *rev den*, 353 Or 867 (2013) where we said that the phrase "found compensable" in ORS 656.262(7)(c) signals a legislative intent in that any post-closure finding *that an omitted condition* is compensable after closure triggers a processing obligation. Claimant's and the dissent's interpretation would mean that if, at any time after closure, a condition that is *claimed* to be new or omitted (or an aggravation or combined condition) is determined to be encompassed within an original acceptance, the claim must nonetheless be reopened for processing, even if the condition is not new or omitted and has already been correctly processed with the original claim. That would be a pointless act that would undermine the finality of claim closure and the policy of the workers' compensation system "to reduce litigation." *See* ORS 656.012(2)(b); *Murphy v. Nilsen*, 19 Or App 292, 300 n 3, 527 P2d 736 (1974) (the court should not presume that the legislature intended that a useless act should be done).

Claimant here sought to have the infraspinatus and supraspinatus tears accepted as new or omitted conditions pursuant to ORS 656.267 and ORS 656.262(6)(d). Employer denied the compensability of the conditions as not related to the 2010 injury. Although the board's October 2017 order overturned employer's compensability denial, it did not do so on the ground that the conditions were new or omitted. Rather, the board determined that the conditions were not new or omitted but that employer's denial based

on compensability was not appropriate in light of employer's concession that the conditions were encompassed within the original acceptance.[5] The closure of that claim was not challenged and has become final. A condition that is encompassed within an earlier acceptance is not "new or omitted" and has already been accepted and processed. Thus, a claimed condition that an employer acknowledges is encompassed within an earlier claim is not subject to reprocessing, as would be required if the condition was actually new or omitted under ORS 656.262(7) and ORS 656.267.

As we recently held in *Akins*, ORS 656.267 is intended to permit workers to obtain acceptance of conditions that, as a factual matter, are not included within the scope of the insurer's acceptance. "Nothing in the text, context, and legislative history of [ORS 656.267] supports claimant's argument that the legislature intended to require an insurer to reaccept (and reprocess) a condition that, as a factual matter, already has been accepted." 286 Or App at 74. Because, as the board explained, the 2010 right rotator cuff claim had been closed and claimant's aggravation claim had been rejected, there was no other basis on which to reopen the claim.

In sum, the board did not err in rejecting claimant's request to reopen the claim. Because the claim was not required to be reopened, the board did not err in overturning the ALJ's award of a penalty and related attorney fees.

Affirmed.

**LAGESEN, P. J.,** concurring in part, dissenting in part.

About five years after claim closure, claimant requested employer to accept the new or omitted conditions of right shoulder full thickness tear of the supraspinatus tendon and tearing of the infraspinatus tendon, among other conditions. Employer denied the request on the grounds that the 2010 workplace injury was not the material cause of any of the conditions and that the conditions did not arise out

---

[5] As noted, claimant has obtained an insurer-assessed attorney fee as a result of his success in overturning employer's denial, as well as a penalty under ORS 656.262(11), and those awards are not challenged.

of and in the course of claimant's employment. On review, employer changed its view of things, admitting that the conditions were compensable and taking the position that, not only were they compensable, the conditions were encompassed within its original acceptance of the 2010 injury. The administrative law judge (ALJ) agreed both that the conditions were compensable and that they were encompassed within employer's original acceptance. For that reason, the ALJ set aside the employer's compensability denials, explaining:

> "The employer does not dispute that the supraspinatus and infraspinatus tears were omitted medical conditions. The opinions of Drs. Teal, Stanley, Butters, and Swanson establish that the tears *** were encompassed within the rotator cuff tear and that acceptance of 'rotator cuff tear' reasonably apprised claimant and his medical providers of the nature of the compensable condition. An omitted medical condition claim may be denied, even if the claimed conditions are compensable, if the claimed conditions are neither 'new' nor 'omitted.' However, the employer's denial did not deny the tears on the basis that they were not omitted, nor did the employer assert that the supraspinatus and infraspinatus tears need not be accepted pursuant to ORS 656.267(1). Instead, the July 1, 2016 denial denied these tears on the grounds of compensability (*viz.*, the 2010 injury was not the material cause). Such a denial was diametrically opposed to the employer's position that the tears were encompassed within the accepted rotator cuff tear condition.

> "In addition, because the supraspinatus and infraspinatus tears were encompassed within the accepted rotator cuff tear condition, claimant need not independently establish the compensability of these tears. Because the July 1, 2016 denial of the suprapinatus and infraspinatus tears was not legally supportable, it is set aside."

(Citations omitted.)

The question before us is whether this set of events triggered employer's obligation to reopen claimant's claim for further processing regarding the supraspinatus and infraspinatus tear conditions under the last sentence of ORS 656.262(7)(c). That sentence states: "If a condition is found compensable after claim closure, the insurer or

self-insured employer shall reopen the claim for processing regarding that condition." ORS 656.262(7)(c). By its plain terms, the sentence mandates reopening for further processing whenever "a condition is found compensable after claim closure." We recognized as much in *Providence Health System v. Walker*, 252 Or App 489, 289 P3d 256 (2012), *rev den*, 353 Or 867 (2013). There, we construed that sentence broadly to require reopening and processing upon *any* post-closure finding of compensability by an insurer or employer, ALJ, board, or court, regardless of whether that finding might be subject to being overturned on appeal. *Id*. at 502.

Here, it is hard to contend that claimant's supraspinatus and infraspinatus tears were not "found compensable after claim closure" in the ordinary sense of those words. Employer denied that the conditions were compensable and then an ALJ found that they were compensable. All of that happened after claim closure. Under the plain terms of ORS 656.262(7)(c) and our construction of it in *Walker*, that finding triggered an obligation to reopen claimant's claim for processing related to those conditions.

It is true that, in addition to finding that the two tears were compensable, the ALJ found further that the tears were encompassed within a condition previously accepted by employer. And it is true that, had employer merely denied claimant's request to accept those tear conditions on the ground that they were encompassed and, thus, had already been found to be compensable prior to closure, then employer's obligation under ORS 656.262(7)(c) would not have been triggered. *See Akins v. SAIF*, 286 Or App 70, 73-74, 398 P3d 463, *rev den*, 362 Or 94 (2017). But, in such a case, it is difficult to say that the condition at issue was "found compensable after claim closure" when there is never any dispute that the condition is encompassed within the initial acceptance, and, thus, is a condition determined to be compensable at or before claim closure, not afterward. In contrast, where, as here, an employer, following claim closure, disputes the compensability of a condition and that condition is subsequently found to be compensable, the condition is necessarily—by virtue of the dispute—one that is "found compensable after

claim closure," even if it is deemed in the long run to be encompassed within the original accepted condition.

In reaching a contrary conclusion, the majority opinion asserts that ORS 656.262(7)(c) requires reopening and processing of a condition found compensable after claim closure "because the new/omitted medical condition claim has not previously been processed." 301 Or App at 546. Having reached that conclusion about the purpose of ORS 656.262(7)(c), the majority opinion concludes further that the provision does not apply where, as here, a condition is determined to be encompassed within the originally accepted condition, and, therefore, is not a new or omitted condition (or aggravated or combined condition). This is because, the majority opinion asserts, such a condition "has already been correctly processed with the original claim." 301 Or App at 542.

There are several problems with that analysis. The first is that it is difficult to square with the text of the last sentence of ORS 656.262(7)(c). That text does not qualify the obligation to reopen and process, upon a post-closure finding of compensability, on whether a condition ultimately is determined to be a new or omitted condition (or aggravated or combined condition). The words simply require a post-closure finding of compensability to trigger the reopening and processing obligation.

The second weakness is that the analysis is based on the assertion that the purpose of ORS 656.262(7)(c) is to require the processing of previously unprocessed conditions. But it is not clear from where the majority opinion divines that purpose. To be sure, part of the reason for requiring reopening and reprocessing may be to process previously unprocessed conditions. But it seems just as likely that another aspect of the legislative purpose in requiring reopening and processing is to account for preclosure errors in the processing of a condition found to be compensable after closure as a result of an employer's denial of compensability. Certainly, the fact that an employer denies that a condition is compensable gives rise to questions as to whether the condition was properly processed as an encompassed condition, if the condition is later determined to be an encompassed one.

The final problem with the analysis is that it does not account for the fact, in this case, that the ALJ appears to have viewed the tear conditions as omitted conditions, and specifically noted that employer did not dispute that they were omitted conditions. In other words, it seems that the ALJ found the tears at issue to be omitted conditions in view of the fact that employer denied compensability—although the ALJ then relied on the determination that the conditions were encompassed to conclude that claimant did not have to prove independently that the conditions were compensable.

One other point is worth mentioning. The approach taken by the majority opinion appears to conflict with our interpretation of ORS 656.262(7)(c) in *Fleetwood Homes v. VanWechel*, 164 Or App 637, 993 P2d 171 (1999). In that case, we concluded that the unambiguous terms of ORS 656.262(7)(c) required the employer to reopen and process a claim with respect to two conditions that had been found to be compensable after claim closure. *Id*. at 641-42. We did so even though the Department of Consumer and Business Services had denied the claimant's request that the claim be reopened for processing, determining that further processing was not required because "the new conditions had been addressed at the time of [claim] closure." *Id*. at 639. Although our opinion in *Fleetwood Homes* is opaque in its description of the facts, the board later construed it to mean that, where, as here, a condition is found to be compensable after claim closure, ORS 656.262(7)(c) requires the insurer or employer to reopen the claim and process it with respect to that condition, even if the condition ultimately is deemed to be encompassed within the original acceptance:

> "We find that the holding in *Vanwechel* applies here. Whether or not [the condition at issue] is considered as encompassed by the initial acceptance, it is a new condition that was not included in the initial acceptance. By setting aside the insurer's denial, the ALJ effectively ordered the insurer to accept [the condition at issue]. Thus, because the insurer was ordered to accept [the condition] after claim closure, we conclude that it is required to reopen the claim pursuant to ORS 656.262(7)(c)."

*In the Matter of Munson*, 52 Van Natta 741 (2000). Perhaps a case can be made that these authorities are distinguishable and should not control the outcome in this case. The majority opinion, however, has not made that case.

In view of the foregoing, the board erred when it determined that ORS 656.262(7)(c) did not require employer to reopen claimant's claim to process the supraspinatus and infraspinatus tear conditions. I would therefore reverse the board's order on that point.

That leaves the question of whether claimant is entitled to a penalty and fees under ORS 656.262(11) or ORS 656.382 based on employer's failure to reopen the claim to process the tear conditions that the ALJ found to be compensable. I would conclude that he is not. In its appeal to the board from the ALJ's order finding the tears compensable, employer raised the issue of whether further processing is required. Although the board did not squarely resolve the issue, its order suggests that employer was not required to reopen the claim to process the tear conditions:

> "The employer also argues that the ALJ's order 'could create the illusion that [the] employer must process the supraspinatus and infraspinatus tears.' We note, however, that in setting aside the employer's denial, the ALJ's order did not remand the claim to the employer for further processing according to law; rather, the order provided that, '[t]hose conditions remain encompassed with[in] the accepted rotator cuff tear claim.'"

(Brackets in original.) In my view, the board's response to employer's argument as a matter of law gave employer a "legitimate doubt" as to its obligation to reopen and process under ORS 656.262(7)(c). *See Snyder v. SAIF*, 287 Or App 361, 366-67, 402 P3d 743 (2017) (articulating "legitimate doubt" standard for penalty and fees under ORS 656.262(11)); *Walker*, 252 Or App at 505 (stating standard under ORS 656.382). Thus, I would affirm the board's order insofar as it rejects claimant's request for a penalty and fees.